UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

AARON FRUITSTONE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

SPARTAN RACE INC.,
a Delaware Corporation,

    Defendant.

_____/

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff Aaron Fruitstone brings this action, on behalf of himself and all others similarly situated, against Defendant Spartan Race, Inc. ("Spartan").

## INTRODUCTION

1. Each year, tens of thousands of consumers nationwide participate in "Spartan Races," one of the world's largest and most popular obstacle course races. Spartan, the organizer of Spartan Races, has become the global leader in obstacle races, conducting hundreds of different events each year in the United States and 42 additional countries. *See* Spartan.com. According to the Company: "It all started in the Green Mountains of Vermont when Spartan founder, Joe De Sena, became increasingly aware that humans are missing a critical component in the modern world. Inspired by the warrior society of ancient Sparta, he set out to create a community of Spartans who push and inspire each other." Spartan has—by any measure—become a great success both financially and in setting itself as the leader in the very popular obstacle race industry. Unfortunately, Spartan has not been satisfied to simply collect tens of millions of dollars annually in registration, sponsorship and corporate fees. Instead, Spartan has also established a deceptive and unfair "Insurance Scheme" whereby it requires each Spartan racer to make an additional payment of $14 dollars to purchase nearly-worthless insurance that only costs a fraction of that amount. Spartan *forces* consumers to pay for this insurance even though it is essentially worthless because the coverage is secondary—meaning that consumers must first go through their own insurance to seek coverage for medical expenses. Through its Insurance Scheme, Spartan has

created an additional, secret revenue stream of millions of dollars from its consumers, all in violation of Florida and common law.[1]

2.  Each time a consumer registers for an event, Spartan charges a mandatory, non-transferable, and non-refundable "Racer Insurance Fee," which Spartan represents is used to purchase "accident medical insurance coverage from a licensed third-party insurance carrier." In essence, Spartan's marketing materials and representations regarding its "mandatory Racer Insurance Fee", all create the same impression that the "Racer Insurance Fee" is simply collected by Spartan and then passed through to the third-party insurer:

| 1 | Registration Choice: Morning (Sunday 8:45AM-12:00PM) | 1 | $131.99 | $131.99 |
| 2 | Standard Product | 1 | $0.00 | $0.00 |
| **Other Items** | | | | |
| 3 | Parking Services, Bag Check, and Merchandise Discount | 1 | $6.00 | $6.00 |
| 4 | Racer Insurance Fee | 1 | $14.00 | $14.00 |
| 5 | Service Fee | 1 | $15.96 | $15.96 |
| | | | TOTAL | $167.95 |

3.  In fact, we know now that the portion of the cost kept by Spartan serves as a hidden profit center for the company and Spartan does not disclose to its consumers that it receives a massive profit off the "Racer Insurance Fee." Thus, Spartan's marketing and charging of the mandatory "Racer Insurance Fee" is objectively likely to mislead any reasonable consumer.

4.  Moreover, by charging the mandatory "Racer Insurance Fee" and then retaining a significant portion of it, Spartan has been able to represent that its prices to register for its races are cheaper than the competition, giving Spartan an unfair, anticompetitive edge—which has helped it to become the global leader in this market—and preventing consumers from being able to accurately compare Spartan's prices to its competitors.

5.  Florida courts have consistently found that such specific hidden insurance scheme is actionable under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, Florida Statutes ("FDUTPA"). *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 702–03 (Fla. 3d DCA 2000) (finding an actionable FDUTPA claim where cruise line secretly retained a portion

---

[1] Plaintiffs are hereby contemporaneously giving Notice to Spartan under the Massachusetts General Laws, Chapter 93A, regarding these unfair consumer practices and may amend the Complaint to assert such claims accordingly.

of funds collected from consumers as "pass through" port charges, even though the term "pass through" was not expressly included in the cruise lines' representations to the passengers).[2] This Court has also found that similar conduct is actionable under FDUTPA. *Bowe v. Public Storage*, 106 F.Supp.3d 1252, 1258–59, 1270 (S.D. Fla. 2015) (describing the Public Storage insurance kickback scheme and concluding that "a reasonable fact finder could find it was a deceptive practice for Public Storage to represent that the premiums would be 'passed through' to the insurance company and then secretly retain a portion of the insurance premium for itself.").

6. Spartan's insurance kickback scheme is implemented in the exact same manner to all similarly-situated class members—Spartan charges the mandatory "Racer Insurance Fee" to every single registrant—and is directly quantifiable as damages under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, Florida Statutes ("FDUTPA"), as interpreted by the Courts. *See, e.g., Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1298 (S.D. Fla. 2017) (citing *Latman v. Costa Cruise Lines, N.V.*, 758 So.2d 699, 703 (Fla. 3d DCA 2000) ("[D]amages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money.")).

7. In short, Spartan has engaged in a pattern of unlawful profiteering, deceit, and self-dealing. Spartan's practice is deceptive and results in Spartan being unjustly enriched to the detriment of participants. Plaintiff brings this action to redress injuries that Plaintiff and a class of consumers have suffered, and will continue to suffer, as a result of Spartan's deceptive and illegal practices. Accordingly, Plaintiff seeks relief for himself and all others similarly situated for violations of the Florida Deceptive and Unfair Practices Act ("FDUTPA"), Fla. Stat. §§ 501.00 *et seq*. and for unjust enrichment. Plaintiff also seeks declaratory and injunctive relief to put an end to Spartan's unfair and deceptive kickback practices.

## PARTIES

8. Plaintiff is a citizen and resident of Miami-Dade County, Florida and participated in Spartan's Sprint race in Palm Beach on April 28, 2019.

9. Defendant Spartan Race, Inc. is an entity existing and incorporated pursuant to the laws of Delaware with its principal place of business in Boston, Massachusetts. Defendant is

---

[2] Because there is no authoritative decision from the Florida Supreme Court, *Latman* is binding. *Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1299 (S.D. Fla. 2017) (citations omitted)

therefore a corporate citizen of Delaware and Massachusetts. Defendant is amenable to service of process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than Spartan. Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiff, a Florida citizen, brings his individual claims against a Delaware or Massachusetts citizen, and given the nature of the claims and the declaratory and injunctive relief sought, the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

11. This Court has personal jurisdiction over Spartan because Spartan is authorized to do business and is conducting business throughout the United States, including in Florida. Spartan offers obstacle course races to the general public in the United States, including Florida, and has sufficient minimum contacts with this State and/or sufficiently avails itself of the market in Florida, to render the exercise of jurisdiction by this Court permissible.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims took place in the Southern District of Florida.

## FACTUAL ALLEGATIONS

13. Spartan is the "world's leading obstacle race company."[3] It offers a series of obstacle races with varying distance and difficulty. Spartan holds more than 120 events in different countries and has "more than one million global participants."[4]

14. In addition to the race registration fee that usually ranges around $100, participants registering for a race are charged other fees, including a fee for "parking services, bag check and merchandise discount" and a mandatory "Racer Insurance Fee":

---

[3] https://www.spartan.com/en/race/race-types/race-types-overview?article=33996.
[4] *Id*.

- 4 -



15.     The "Racer Insurance Fee" is mandatory for all racers and must be paid at the time of registration. Spartan even requires racers to pay the mandatory "Racer Insurance Fee" again each time a race is rescheduled.

16.     Spartan tells consumers that it purchases participant accident medical insurance coverage that provides "limited coverage" to participants for injuries that occur while participating in an event:

> Spartan Race Inc. purchases participant accident medical insurance coverage WHICH PROVIDES LIMITED COVERAGE TO you as a participant UNDER SOME CIRCUMSTANCES for medical bills arising from an injury suffered/obtained while participating on site at a Spartan Race, Inc. event. The coverage requires a $500 deductible by the participant and will cover medical bills up to $100,000.

17.     Indeed, Spartan is not an insurer and is not registered as such in the State of Florida.

18.     Further enhancing the idea that the mandatory "Racer Insurance Fee" is a "pass through" charge to the third-party insurer is how the fee is presented in the invoice, as a separate item charge. This is in contrast to the other fees Spartan charges participants, such as the bundled "parking services, bag check and merchandise discount" fee.

19. These statements to consumers reinforce the representation of the fee as a pass-through charge, one where Spartan has no role in the provision of the product or any profit interest.

20. In reality and unknown to consumers, the "Racer Insurance Fee" is a hidden profit center for Spartan. Contrary to the representations Spartan makes to participants and consumers, the amount that Spartan pays for the accidental medical insurance coverage for the participant is significantly less than the amount it charges. On information and belief, Spartan pockets the overcharge as additional profit and conceals this fact from consumers. Spartan's records will demonstrate the exact amount it retains for each insurance fee charged.

21. Spartan, instead of disclosing its profit interest in the fee it charges to consumers, attempts to disguise its financial interest by representing the cost as a pass-through charge.

22. Spartan's marketing materials create the net impression that the "Racer Insurance Fee" is simply passed through to the third-party insurer. This false impression is objectively likely to mislead reasonable consumers because in fact, the portion of the cost kept by Spartan is a hidden profit center for Spartan, who never discloses that it profits from the "Racer Insurance Fee."

23. Plaintiff registered for the Spartan Sprint and paid the $14 "Racer Insurance Fee."

## CLASS ACTION ALLEGATIONS

24. As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of himself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

    **A. Class Definitions**

25. Plaintiff seeks to represent the following Class and Subclass:

    **(1) Nationwide class:** All individuals in the United States who, during the applicable limitations period, paid the "Racer Insurance Fee" in connection with any race organized by Spartan.

    **(2) Florida Subclass:** All individuals in the state of Florida who, during the applicable limitations period, paid the "Racer Insurance Fee" in connection with any race organized by Spartan.

26. Excluded from the above Classes are Spartan and its officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial

officer presiding over this matter and the members of their immediate families and judicial staff Plaintiff reserves the right to modify or amend the definition of the proposed Class and Subclass before or after the Court determines whether such certification is appropriate as discovery progresses.

### B. Numerosity

27. The Class is comprised of hundreds, if not thousands, of consumers throughout the state of Florida and nationwide, many of whom paid the "Racer Insurance Fee" in connection with their participation in a Spartan race. The Class is so numerous that joinder of all members of the Class is impracticable. The precise number of class members is currently unknown to Plaintiff but is easily identifiable through Defendant's records.

### C. Commonality/Predominance

28. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

   (a) whether Spartan's uniform marketing materials create the "net impression" that the mandatory "Racer Insurance Fee" is a "pass-through" charge;

   (b) whether Spartan retains any portion of the mandatory "Racer Insurance Fee";

   (c) whether Spartan engaged in unfair and deceptive practices by retaining any portion of the "Racer Insurance" fee;

   (d) whether Spartan's representations are objectively likely to mislead reasonable consumers to believe that Spartan only collects and passes through to the insurer the amount charged by the insurer for the accident medical insurance coverage;

   (e) whether Spartan's practice of charging the "Racer Insurance Fee" violates the FDUTPA;

   (f) whether Spartan has been unjustly enriched at the expense of Plaintiff and Class members as a result of Spartan's charging and collection of the "Racer Insurance Fee";

   (g) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

   (h) whether Plaintiff and Class members are entitled to injunctive relief;

   (i) whether Plaintiff and Class members are entitled to declaratory relief; and

   (j) whether Plaintiff and Class members are entitled to damages and/or other appropriate remedies as a result of Spartan's conduct.

D. **Typicality**

29. Plaintiff's claims are typical of the claims of the class members because, *inter alia*, all members were injured through the uniform misconduct described above, all members have paid the "Racer Insurance Fee" just like Plaintiff, and Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class Members.

E. **Adequacy of Representation**

30. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class. Plaintiff anticipates no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiff has chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

F. **Requirements of Fed. R. Civ. P. 23(b)(3)**

31. The questions of law or fact common to Plaintiff's and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the common course of conduct by Spartan to charge the "Racer Insurance Fee" to Plaintiff and the unnamed Class members.

32. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be some individualized damages determinations.

33. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at bar, common questions will be held to predominate over individual questions.

G. **Superiority**

34. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

   (a) Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside nationwide and throughout the state;

   (b) Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

(c) There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

(e) Individual suits would not be cost effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(2)

35. Spartan has acted and refused to act on grounds generally applicable to the classes by engaging in a common course of conduct of uniformly charging the "Racer Insurance Fee" to Plaintiff and the unnamed Class members, thereby making appropriate final injunctive relief or declaratory relief with respect to the classes as a whole.

## FRAUDULENT CONCEALMENT TOLLING

36. All applicable statutes of limitation have been tolled by Spartan's knowing, active, and willful fraudulent concealment and denial of the facts alleged herein throughout the period relevant to this action. Plaintiff and Class members did not and could not have known about the facts giving rise to the causes of action despite exercising reasonable care and diligence in seeking to discover the facts that form the basis of their claims. Spartan never disclosed to participants that it profits off the "Racer Insurance Fee." Spartan fraudulently concealed the truth from race participants and consumers and, accordingly, the relevant statutes of limitation should be equitably tolled from the date Spartan first began charging the mandatory "Racer Insurance Fee" until the date of filing this lawsuit.

37. Instead of disclosing that Spartan profits off the "Racer Insurance Fee," Spartan falsely represented the cost as a pass-through charge. Spartan's marketing materials and representations regarding its "Racer Insurance Fee" all create the net impression that the fee is simply collected by Spartan and then passed through to the third-party insurer. By making these affirmative representations and omissions, Spartan actively and successfully concealed Plaintiff's and Class Members' causes of action by fraudulent means.

## COUNT I
### For Violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes, *et seq.*
### (On behalf of Plaintiff and Members of the Florida Class)

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–37 as if fully set forth herein.

39. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Fla. Stat., *et seq*. ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat.

40. Plaintiff and Class members are consumers as defined by section 501.203, Fla. Stat. Spartan is engaged in trade or commerce within the meaning of the FDUTPA.

41. Florida Statute section 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

42. Spartan's unfair and deceptive practices as described herein are objectively likely to mislead – and have misled – consumers acting reasonably in the circumstances.

43. Spartan has violated the FDUTPA by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers.

44. Plaintiff and consumers in the Class have been aggrieved by Spartan's unfair and deceptive practices and acts of false advertising because by paying the mandatory "Racer Insurance Fee" in connection with their participation in a Spartan race, Plaintiff and class members parted with money for what should have been a "pass-through" to the third party insurance company, but which was then secretly retained by Spartan. *Bowe*, 106 F.Supp.3d at 1258–59, 1270 (finding that "a reasonable fact finder could find it was a deceptive practice for Public Storage to represent that the premiums would be 'passed through' to the insurance company and then secretly retain a portion of the insurance premium for itself."); *see also Zamber*, 282 F. Supp. 3d at 1298 (citing *Latman*, 758 So.2d at 703 ("[D]amages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money.")).

45. The harm suffered by Plaintiffs and consumers in the Class was directly and proximately caused by the deceptive and unfair practices of Spartan, as more fully described herein.

46. Pursuant to sections 501.211(2) and 501.2105, Fla. Stat., Plaintiff and consumers in the Class make claims for damages, attorneys' fees and costs.

47. Spartan still utilizes many of the deceptive acts and practices described above and is still secretly retaining money from every mandatory "Racer Insurance Fee" it charges. Plaintiff and the other members of the Class have suffered and will continue to suffer irreparable harm if Spartan continues to engage in such deceptive, unfair, and unreasonable practices. Section 501.211(1) entitles Plaintiff and the Class to obtain both declaratory or injunctive relief to put an end to Spartan's unfair and deceptive scheme.

## COUNT II
### Unjust Enrichment
### (On behalf of Plaintiff and Members of the Nationwide Class)

48. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1–37 as if fully set forth herein.

49. Spartan charged Plaintiff and Class members the mandatory "Racer Insurance Fee" in connection with their participation in a Spartan race. Spartan secretly retains a significant portion of the mandatory "Racer Insurance Fee," allowing Spartan to enrich itself to the detriment of Plaintiff and Class members.

50. Plaintiff and Class members conferred upon Spartan non-gratuitous payments of the "Racer Insurance Fee." Spartan appreciated, accepted and/or retained, in whole or in part, the non-gratuitous benefits conferred by Plaintiff and Class members.

51. Spartan profited from its unlawful collection and retention of a portion of the "Racer Insurance Fee" it charged at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Spartan to be permitted to retain the benefit. Under common law principles of unjust enrichment, Spartan should not be permitted to retain the benefits of this unjust enrichment, as they were obtained through deceptive representations and omissions, as more fully described above.

52. Because Spartan's retention of the non-gratuitous benefits conferred by Plaintiff and Class members is unjust and inequitable, Plaintiff and Class members suffered damages as a

result of Spartan's unjust enrichment, and are entitled to, and hereby seek disgorgement and restitution of Spartan's wrongful profits, revenue, and benefits in a manner established by the Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment:

a. Certifying the Class as requested herein;

b. Awarding Plaintiff and members of the Class actual and statutory damages;

c. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and consumers in the Florida Class;

d. Awarding declaratory relief as permitted by law or equity, including declaring Spartan's practices as set forth herein to be unlawful;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Spartan from continuing those unlawful practices as set forth herein, and directing Spartan to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

f. Awarding statutory damages, as appropriate;

g. Awarding attorneys' fees and costs; and

h. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all claims so triable.

Dated: February 26, 2020

Respectfully Submitted,

By: */s/Adam M. Moskowitz*

Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
Florida Bar No. 118114
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**

2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Paul M. Scott
(*pro hac vice* application forthcoming)
pscott@brbcsw.com
Bradley J. Watkins
(*pro hac vice* application forthcoming)
bwatkins@brbcsw.com
Steven G. Blackerby
(*pro hac vice* application forthcoming)
sblackerby@brbcsw.com
**BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS LLP**
Post Office Box 220
5 Glynn Avenue
Brunswick, Georgia 31521-0220
Telephone:     912-264-8544

Andrew S. Friedman
(*pro hac vice* application forthcoming)
afriedman@bffb.com
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: (602) 274-1100

*Counsel for Plaintiff and the Classes*