**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:20-cv-20836-BB**

AARON FRUITSTONE, on behalf of himself and
all other similarly situated,

    Plaintiff,

v.

SPARTAN RACE INC., a Delaware Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO TRANSFER THIS CASE UNDER 28 U.S.C. § 1404(A) OR, *IN THE ALTERNATIVE*, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [D.E. 24]**

**AND**

**MOTION TO MODIFY THIS COURT'S ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE [D.E. 14] AND TO STAY CLASS DISCOVERY PENDING RESOLUTION OF THRESHOLD LEGAL ISSUES REGARDING THE PUTATIVE CLASS REPRESENTATIVE'S CLAIMS**

Defendant, Spartan Race, Inc., and incorrectly named in the Complaint [D.E. 1] and Amended Complaint [D.E. 15] as Spartan Race Inc. ("Spartan"), pursuant to the Federal Rule of Civil Procedure 26(c), moves this Honorable Court for an Order staying discovery, in general, in this action pending resolution of Spartan's Motion to Transfer this Case Under 28 U.S.C. §1404(a) to the United States District Court for Massachusetts or, *in the alternative*, Motion to Dismiss Plaintiff's, Aaron Fruitstone ("Plaintiff's"), Amended Complaint [D.E. 15] *with prejudice* [D.E. 24] ("Spartan's Motion to Transfer/Dismiss"), *and*, pursuant to Federal Rule of Civil Procedure 16(b)(4), for good cause shown, moves this Honorable Court to modify its Order Setting Trial and Pre-Trial Schedule ("Order") [D.E. 14] and for an Order staying class discovery pending resolution of Plaintiff's specific claims, and states as follows:

CASE NO.: 1:20-cv-20836-BB

**EXECUTIVE SUMMARY**

This case involves an ***expressly disclosed*** "mandatory administrative and racer insurance fee," which Spartan, a Delaware corporation with its principal place of business in Boston, Massachusetts,[1] charged to Plaintiff in connection with his registration for an obstacle course race organized by Spartan.[2]  In particular, Plaintiff, a purported resident of Florida, claims Spartan charges consumers "a mandatory, non-transferable, and non-refundable 'Racer Insurance Fee'," which purportedly serves as a "hidden profit center" for Spartan and "is objectively likely to deceive any reasonable consumer into believing that the $14 charge reflects the cost of the insurance coverage being passed through to that consumer."[3]  Based on the foregoing allegations, amongst other conclusory allegations, Plaintiff filed his initial Complaint against Spartan on February 26, 2020, asserting claims for alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") on behalf of a putative Florida subclass and purported unjust enrichment (in a Florida court) on behalf of a purported putative nationwide class.[4]  On April 13, 2020, however, <u>a week after the parties submitted their proposed Scheduling Order to this Court [D.E. 12]</u>, Plaintiff filed his Amended Complaint, therein adding a claim for purported violations of the Massachusetts Consumer Protection Law, Massachusetts General Laws, Chapter 93A on behalf of a putative nationwide class.[5]  Indeed, Plaintiff's subsequent creation of multi-jurisdictional litigation, <u>significantly expanded the scope of this lawsuit and, likewise, results in potential nationwide discovery on multi-jurisdictional issues</u>.

In response to Plaintiff's Amended Complaint, and given, among other things, the convenience (including the location and availability) of the parties and witnesses, Spartan's substantial connection to Massachusetts and limited connection to Florida, the relative ease of access to sources of proof, and

---

[1] *See* Affidavit of Spartan Race, Inc., dated May 4, 2020, at 1-2, ¶ 4, attached as Exhibit "1" to Spartan's Motion to Transfer/Dismiss [D.E. 24].
[2] *See generally* [D.E. 15].
[3] [*Id.* at 3, ¶¶ 4, 6-7].
[4] *See generally* [D.E. 1].  On March 16, 2020, the undersigned appeared as counsel of record for Spartan. [D.E. 6].
[5] *See generally* [D.E. 15].  Plaintiff had threatened to amend his initial Complaint to assert a Massachusetts based claim, however, did not actually do so until after this Court's Order [D.E. 14] had been entered.

the United States District Court for Massachusetts' familiarity with its state consumer protection laws, Spartan moved to transfer this case to the United States District Court for Massachusetts under 28 U.S.C. § 1404(a).  *See generally* [D.E. 24].  In the alternative, Spartan moved this Court to dismiss Plaintiff's Amended Complaint *with prejudice*, in part, because Plaintiff lacks Article III standing to assert claims, on behalf of himself and unnamed putative class members pursuant to Massachusetts consumer protection statutes and, likewise, because Plaintiff's FDUTPA claim fails to state a cause of action.  [*Id.*].

In light of the relief sought by Spartan in its Motion to Transfer/Dismiss, Spartan respectfully requests that discovery be stayed in the instant case pending resolution of the aforementioned Motion.[6] Indeed, a stay is warranted in this case because: **1)** delay in the commencement of discovery until Spartan's Motion to Transfer/Dismiss is decided will avoid unnecessary burden and expense; **2)** Spartan's Motion to Transfer/Dismiss, respectfully, has a high likelihood of success; and **3)** Plaintiff will not suffer any prejudice if this Court grants the stay, as the current discovery deadline is not until ***December 29, 2020*** (and the proposed modified deadline by Spartan is even further out).  *See* [D.E. 14].  Simply stated, without a stay of discovery, Spartan risks unnecessarily spending a substantial amount of time and resources, not only on Plaintiff's claims, but also putative nationwide class claims, that may ultimately prove irrelevant if this Court determines this case should be transferred to the United States District Court for Massachusetts under 28 U.S.C. § 1404(a) and/or if this Court finds Plaintiff lacks Article III standing as to his Massachusetts claims and fails to state a cause of action for his Florida claims.  Therefore, good cause exists for this Court to grant Spartan's requested and warranted stay of discovery.

*In addition to the foregoing requested relief*, and <u>irrespective of whether this Court grants a stay of all discovery pending resolution of Spartan's Motion to Transfer/Dismiss</u>, Spartan further

---

[6] Plaintiff has already propounded written discovery upon Spartan, comprising of requests for production, requests for admissions, and interrogatories, <u>the vast majority of which request documents and information dating back to 2010, despite Plaintiff alleging to have competed in only one Spartan obstacle course race on April 28, 2019</u>.  [D.E. 15 at 7, ¶ 22].

requests this Court modify its Order [D.E. 14] to permit discovery to occur in phases (Plaintiff-specific discovery prior to any class discovery), allowing the parties to focus first on completing Plaintiff-specific discovery so this Court may address the merits of Plaintiff's claims prior to entertaining any premature class considerations. As is well-established, this Court may modify its Order, in particular when good cause is shown, and in the interests of judicial economy. Certainly, interests of efficiency, time and cost preservation, and judicial economy would be promoted in the instant case if the parties were to proceed first with merits discovery and adjudication of the named Plaintiff's claims before addressing class discovery and certification issues.

As addressed above, when the parties initially proposed their Scheduling Order [D.E. 12], during the peak of a global pandemic, this case was limited to Florida based causes of action, despite Plaintiff's threat of adding a Massachusetts based claim. After this Court entered the Order [D.E. 14], Plaintiff filed an Amended Complaint to assert a putative nationwide class claim based on Massachusetts law, and, in turn, created multi-jurisdictional litigation, and expanded the scope of potential discovery to an unreasonable possible cross-country endeavor on non-Florida based claims. As such, and *regardless of whether this Court grants a general stay on discovery* pending resolution of Spartan's Motion to Transfer/Dismiss, Spartan respectfully requests this Court modify the Order [D.E. 14],[7] which was entered approximately a month ago, and proposes the following modified deadlines:

(1) Discovery, including expert discovery, regarding Plaintiff's individual claims permitted through August 31, 2020;

(2) Summary judgment motions regarding Plaintiff's individual claims due on or before September 30, 2020;

(3) Class discovery **STAYED** and shall commence after this Court's ruling on summary judgment motions regarding Plaintiff's individual claims, if necessary;

---

[7] Although Spartan has a pending Motion to Transfer/Dismiss, as a precautionary measure in the event the Motion to Transfer/Dismiss is not granted, Spartan requests the Order [D.E. 14] be modified to appropriately phase discovery.

(4)   Upon resolution of any summary judgment motions regarding Plaintiff's individual claims, class discovery shall commence and last for a period of five (5) months;

(5)   30 days after close of class-certification discovery, parties exchange expert witness summaries or reports on issues of class certification;

(6)   Parties then have 14 days to exchange rebuttal expert witness summaries or reports on issues of class certification; and

(7)   Plaintiff then has 45 days to file any motion(s) for class certification.

## MEMORANDUM OF LAW/LEGAL ARGUMENT

### I. THIS COURT SHOULD GRANT A STAY OF ALL DISCOVERY PENDING RESOLUTION OF SPARTAN'S MOTION TO TRANSFER/DISMISS [D.E. 24].

As addressed *supra,* this Court should, respectfully, exercise its discretion to grant Spartan's request for a stay of all discovery pending resolution of Spartan's Motion to Transfer/Dismiss [D.E. 24]. Indeed, "District courts enjoy broad discretion in deciding how best to manage the cases before them," and discovery may be stayed where there is a pending transfer (or dispositive) motion, in an effort to preserve the resources of the litigants and the court itself. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-68 (11th Cir. 1997). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651,652 (M.D. Fla. 1997).

To that end, and while there is no "bright-line rule" that a pending motion to transfer or motion to dismiss always warrants a stay of discovery, a stay of discovery is warranted under the particular circumstances of this case and given the full holding of *Chudasama* and its progeny. In fact, the instant case is exactly the sort wherein which a stay of discovery pending resolution of a motion to transfer or, in the alternative, motion to dismiss is appropriate under *Chudasama* and its legal lineage. In

particular, Spartan's Motion to Transfer/Dismiss contends the instant case is ripe for transfer, in accordance with 28 U.S.C. § 1404(a), to the United States District Court for Massachusetts and, if this Court finds otherwise, still subject to dismissal. *See generally* [D.E. 24]. Clearly, Spartan's Motion to Transfer/Dismiss raises pure legal questions and, given the full holding in *Chudasama*, no discovery should be required until the Motion to Transfer/Dismiss is resolved. *Id.* at 1367 (recognizing a "purely legal question" creates a circumstance where "neither the parties nor the court have any need for discovery before the court rules on the motion.").

That said, *Chudasama* is no outlier on this issue – in fact, courts in the Eleventh Circuit have consistently held that motions to transfer and motions to dismiss should be resolved before discovery begins. *See, e.g., Cheshire v. Bank of America, NA,* 2009 WL 3497732, at *1 (11th Cir. 2009) (holding "a plaintiff has no right to discovery upon the filing of a motion to dismiss that raises a purely legal question); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not err in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions"); *Patterson v. U.S. Postal Service*, 901 F.2d 927 (11th Cir. 1990) (where a motion to dismiss was pending, the district court did not abuse its discretion in staying discovery); *Dayem v. Chavez*, No. 13-62045-Civ-COOKE, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (finding a "stay of discovery . . . warranted" after having "peeked at the several motions to dismiss" raising "lack of subject matter jurisdiction, lack of standing, failure to state a claim upon which relief can be granted, [and] improper venue"); *Gill-Samuel v. Nova Biomedical Corp.,* No. 13-62591-CIV-ROSENBAUM, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2013) (staying discovery until resolution of pending motion to dismiss); *Nam v. U.S. Xpress, Inc.,* No. 1:10-CV-3924, 2011 WL 1136431, at *102 (N.D. Ga. Mar. 25, 2011) (granting stay of discovery until resolution of defendant's motion to dismiss and motion to transfer venue); *Mulligan v. The Frank Found.,* No. 8:07-CV-1991, 2008 WL 2074387, at *1 (M.D. Fla. May 14, 2008) (staying discovery pending resolution of defendants' motion

to dismiss or, in the alternative, motion to transfer venue).  In sum, given the legal arguments raised by Spartan's Motion to Transfer/Dismiss, as well as a litany of legal authority granting a stay of discovery while a motion to transfer or dispositive motion to dismiss is pending, it is axiomatic a stay of discovery is warranted in this case.

In this regard, this Court can take a "preliminary peek" at the merits of Spartan's Motion to Transfer/Dismiss to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  To that end, if there is a significant possibility that a court will grant a motion to dismiss or motion to transfer, staying discovery is appropriate.  *See, e.g., Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-cv-332, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (granting motion to stay discovery because defendants raised meritorious challenges based on lack of personal jurisdiction); *Ave Maria Univ. v. Sebelius*, No. 2:12-cv-88, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012) (granting motion to stay discovery where defendants raised meritorious challenges to subject matter jurisdiction).  Here, because Spartan raises meritorious challenges to the sufficiency of Plaintiff's Amended Complaint, and none of the information/material sought by Plaintiff through its already propounded written discovery is pertinent to resolving the pending Motion to Transfer/Dismiss, a stay of discovery pending resolution of the Motion to Transfer/Dismiss is appropriate.  Thus, on the balance, and when further considering Plaintiff will not suffer any prejudice if this Court grants the stay (as discovery has been permitted by this Court, for now, through *December 29, 2020*), this Court should, respectfully, grant Spartan's request for a stay on all discovery pending resolution of its Motion to Transfer/Dismiss.

**II. IRRESPECTIVE OF WHETHER THIS COURT STAYS ALL DISCOVERY PENDING RESOLUTION OF THE MOTION TO TRANSFER/DISMISS, THIS COURT SHOULD ALSO MODIFY ITS ORDER [D.E. 14] TO STAY CLASS DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S SPECIFIC CLAIMS.**

As addressed *supra*, when the parties submitted their proposed Scheduling Order to this Court [D.E. 12] on April 6, 2020, the instant case was limited to Plaintiff's Florida based claims and attempts

to serve as the class representative of a more limited Florida subclass for an FDUTPA claim, as well as a class representative for a putative nationwide class on an unjust enrichment claim. Only after the parties submitted their proposed Scheduling Order did Plaintiff file his Amended Complaint, therein asserting a claim against Spartan for alleged violations of the Massachusetts Consumer Protection Law, Massachusetts General Laws, Chapter 93A on behalf of a putative nationwide class. *See* [D.E. 15]. Naturally, given Plaintiff's newly asserted claim based <u>on an entirely different state's consumer protection laws on behalf of a putative nationwide class</u>, the current Order [D.E. 14] does not, unfortunately, capture the necessity for the commencement and completion of merits discovery on Plaintiff's individual claims (as well as dispositive motions on Plaintiff's individual claims) prior to class discovery. In fact, given Plaintiff's recent amendment to insert Massachusetts consumer protection claims into this case, unless the Order is modified to more clearly phase discovery, substantial (albeit unnecessary) costs and resources may be expended by the litigants.[8] Indeed, if this Court finds Plaintiff cannot prevail on his individual claims, this case will end and there would be absolutely no need for costly and time-consuming class discovery or briefing of class certification. Simply put, to ensure the just, speedy, and inexpensive resolution of this putative class action, it would be of particularly good sense to allow for merits discovery and summary judgment motions on Plaintiff's individual claims prior to conducting any class discovery or class certification.

Certainly, and as explained more fully *infra*, this Court enjoys broad discretion to determine the order and nature of discovery, as well as regarding its scheduling dealings. *See Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1236, 1269 (11th Cir. 2001). In fact, pursuant to Federal Rule of Civil Procedure 16(b)(4), this Court may modify its Order "for good cause shown." In this matter, ample good cause is shown warranting the requested modification of the Order, as staying class

---

[8] While discovery is already bifurcated by the Order, Spartan requests, and contends it is more appropriate now that this case encompasses multi-jurisdictional, putative nationwide class claims, for Plaintiff-specific discovery to be completed prior to any class discovery.

discovery to first allow for resolution of Plaintiff's individual claims will potentially prevent needless, time-consuming class discovery, promote efficiency and judicial economy, and result in inexpensive litigation. Even more so, given that at the time the proposed Scheduling Order was submitted to this Court, Plaintiff had yet to assert a nationwide putative class claim based on Massachusetts law and, of course, the expansion of the putative class, _coupled with now multi-jurisdictional litigation_, threatens to enlarge the scope and cost of discovery tremendously. *Cf. Ameritox, Ltd. v. Millenium Labs, Inc.,* No. 8:11-cv-775, 2012 WL 1758144, at *2 (M.D. Fla. May 16, 2012) (where potential nationwide discovery became a possibility because plaintiff amended its complaint to assert various state consumer protection claims, holding courts may exercise their discretion to stay discovery "*especially when the challenged claim has the potential to enlarge the scope and cost of discovery greatly*.") (emphasis supplied);[9] *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

To that end, numerous courts, including various courts in the Eleventh Circuit, acknowledge that a "just, speedy, and inexpensive determination" of a putative nationwide class action can be secured by, prior to allowing any class discovery, permitting plaintiff-specific discovery and resolving motions for summary judgment on the named plaintiff's individual claims. *See, e.g., Degutis v. Financial Freedom, LLC,* No. 2:12-cv-319, 2013 WL 10207621 (M.D. Fla. Oct. 18, 2013) (ordering individual merits discovery and adjudication of the named plaintiff's claims _prior_ to class discovery and class certification, if necessary); *Physicians Healthsource, Inc. v. Anda, Inc.,* No. 12-60798-CIV,

---

[9] Although not a class action lawsuit, *Ameritox* involved circumstances in which, after the Middle District of Florida had entered its scheduling order, the plaintiff amended its operative complaint to add various state consumer protection claims. *See generally id.* Of significance, the defendant argued, and the Middle District of Florida agreed, that since plaintiff's amended complaint created a scenario where discovery would be expanded nationwide to account for now multi-jurisdictional claims, a stay of discovery was warranted. *Id.*

2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) ("[T]he Court agrees that in the interests of efficiency, [d]efendant should be allowed to [first] conduct discovery on and submit a dispositive motion as to [p]laintiff's individual claims."); *Mitchell v. Industrial Credit Corp.*, 898 F. Supp. 1518, 1521, 1537 (N.D. Ala. June 22, 1995) (court's concern regarding "extensive discovery, time and expense that would likely be involved on the class certification issue" resulted in the court's adoption of a two-stage discovery plan wherein "the first phase . . . would focus on the claims of the named plaintiff and . . . discovery regarding putative class members and class status would be allowed, if appropriate, at a later time."); *Curtin v. United Airlines, Inc.,* 375 F.3d 88, 91-92 (D.C. Cir. 2001) (district court had discretion to rule on summary judgment motion before doing "a needless, time-consuming inquiry into class certification"); *Hager v. Vertrue, Inc.,* No. 09-11245, 2011 WL 4501046, *1 (D. Mass. Sept. 28, 2011) (court "determined that discovery should be phased, with the first phase focused on the [plaintiffs'] individual claims, rather than issues related to any putative class of plaintiffs"); *Talley v. NCO Fin. Sys., Inc.,* No. 2:06-cv-48, 2006 WL 2927596, at (N.D. Ind. Oct. 12, 2006) (granting motion to stay class certification pending ruling on motion for summary judgment based, in part, on defendant's request to do so "in order to avoid unnecessary discovery and motion practice related to class certification").

Moreover, there is no requirement in Federal Rule of Civil Procedure 23 that class certification occur prior to fully addressing the merits of an individual class representative's claims. *Telfair v. First Union Mortg. Corp.,* 216 F.3d 1333 (11th Cir. 2000) (noting it is within court's discretion to consider the merits of the claims before their amenability to class certification); *Cowen v. Bank United of Texas FSB,* 70 F.3d 937, 941 (7th Cir. 1995) (resolution of summary judgment before adjudicating class certification found to be an inexpensive means of mooting any class certification issue). Here, Plaintiff asserts multi-jurisdictional claims against Spartan, among them, a claim for purported violation of FDUTPA and purported violation of Massachusetts consumer protection laws, premised

on his claims Spartan's "marketing description and charging of the mandatory 'Racer Insurance Fee' is objectively likely to deceive any reasonable consumer into believing that the $14 charge reflects the cost of the insurance coverage being passed through to that consumer." [D.E. 15 at 3, ¶ 7]. Given Plaintiff's unsubstantiated and conclusory allegations, including those purportedly based on Massachusetts law, Spartan moved to transfer this case to the United States District Court for Massachusetts and, *in the alternative*, moved to dismiss Plaintiff's claims, in part, because Plaintiff lacks Article III standing to assert claims, on behalf of himself and unnamed putative class members pursuant to Massachusetts consumer protection statutes and, likewise, because Plaintiff's FDUTPA claim fails to state a cause of action.

Certainly, these Plaintiff-specific issues should be resolved prior to class discovery and considerations of class certification, and applicable law is consistent with Spartan's contention. *See, e.g., Renzi v. Demilec (USA) LLC,* No. 12-80516-CIV, 2013 WL 6410708, at *3 (S.D. Fla. Dec. 9, 2013) (recognizing Article III standing issues need not be delayed until after class certification and finding plaintiff did not have "standing to bring claims pursuant to other state's statutes."); *Zaycer v. Sturm Foods, Inc.,* 896 F. Supp. 2d 399 (D. Md. Sept. 12, 2013) (resolving standing challenge prior to class certification and holding "[b]ecause the injury to the named plaintiff occurred in Maryland, she has no standing to sue under any state consumer protection law except for Maryland's."); *In re Checking Account Overdraft Litig.,* 694 F.Supp.2d 1302, 1324-25 (S.D. Fla. Mar. 11, 2010) ("[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to the claim."); *Sanchez-Knutson v. Ford Motor Co.*, No. 14-61344-CIV-DIMITROULEAS, 2015 WL 11197772, at *3 (S.D. Fla. July 21, 2015) (As standing is a threshold issue, addressing the issue of standing at the motion to dismiss phase of the litigation, rather than waiting for the class certification phase, *is not premature*.") (emphasis supplied). Further, and to the extent any of Plaintiff's claims somehow survive the motion to dismiss stage, merits discovery can

then be utilized to resolve or substantially narrow any remaining issues. Simply put, for the reasons addressed in the Motion to Transfer/Dismiss, as well for reasons that will be more fully developed through individual discovery (if this case survives past the motion to dismiss stage), Spartan has shown (and will continue to demonstrate, if necessary) Plaintiff's individual claims fail.

In sum, permitting discovery on Plaintiff's individual claims and resolving those issues by summary judgment will promote litigation efficiency, conserve the resources and time of the litigants and this Court, and will allow Spartan to show Plaintiff's individual claims fail prior to engaging in unnecessary and wasteful class discovery. Indeed, because allowing the parties to first address Plaintiff's specific claims could moot or substantially narrow the purported issues that remain to be addressed from a potential class perspective, it is appropriate to proceed in this case under such an approach. *See Mitchell,* 898 F. Supp. At 1537 (proceeding with merits discovery first where "early resolution of summary judgment would save the court and parties from needless and costly litigation"). Moreover, proceeding in such a phased approach will not prejudice Plaintiff, and Plaintiff will be hard-pressed to even complain of potential prejudice by the brief requested stay. Simply put, Plaintiff will be unable to present any meritorious argument that proceeding in this manner will not be the most efficient and effective manner in handling this putative class litigation.

WHEREFORE, Defendant, Spartan Race, Inc., respectfully requests this Honorable Court enter an Order, therein granting the instant Motion and staying <u>all</u> discovery until the resolution of Spartan's Motion to Transfer this Case Under 28 U.S.C. §1404(a) to the United States District Court for Massachusetts or, *in the alternative*, Motion to Dismiss Plaintiff's Amended Complaint *with prejudice* [D.E. 24]. In addition, and *<u>irrespective of how this Court rules on a general stay of discovery</u>*, Spartan respectfully requests this Honorable Court modify the Order [D.E. 14], and proposes the following modified deadlines:

CASE NO.: 1:20-cv-20836-BB

(1) Discovery, including expert discovery, regarding Plaintiff's individual claims permitted through August 31, 2020;

(2) Summary judgment motions regarding Plaintiff's individual claims due on or before September 30, 2020;

(3) Class discovery **STAYED** and shall commence after this Court's ruling on summary judgment motions regarding Plaintiff's individual claims, if necessary;

(4) Upon resolution of any summary judgment motions regarding Plaintiff's individual claims, class discovery shall commence and last for a period of five (5) months;

(5) 30 days after close of class-certification discovery, parties exchange expert witness summaries or reports on issues of class certification;

(6) Parties then have 14 days to exchange rebuttal expert witness summaries or reports on issues of class certification; and

(7) Plaintiff then has 45 days to file any motion(s) for class certification,

along with any and all other relief this Court deems just and appropriate in light of the foregoing.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned hereby certifies that the undersigned has conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues and Plaintiff objects to the relief requested herein. Specifically, the undersigned sent Plaintiff's counsel correspondence on May 7, 2020 at 1:22 p.m. inquiring as to Plaintiff's amenability to the relief sought herein. In response, Plaintiff's counsel sent the undersigned an e-mail correspondence on May 7, 2020 at 1:44 p.m. indicating Plaintiff opposed the relief requested herein.

**Dated: May 8, 2020**

                                        Respectfully submitted,

                                        By: /s/ Matthew A. Green
Scott A. Bassman, Esq.
Florida Bar No. 232180
Matthew A. Green, Esq.
Florida Bar No. 1019717
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant SPARTAN RACE, INC.*
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3700
Facsimile (954) 703-3701
Primary e-mails: scott.bassman@csklegal.com
                     matthew.green@csklegal.com
Secondary e-mail: sandra.merizalde@csklegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of May 2020, true and correct copy of the foregoing was electronically filed with the Clerk of Southern District of Florida by using the Florida District Courts CM/ECF Filing System, which will send an automatic e-mail message to the parties listed on the Service List below.

                                        /s/ Matthew A. Green
Scott A. Bassman, Esq.
Florida Bar No. 232180
Matthew A. Green, Esq.
Florida Bar No. 1019717
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*

CASE NO.: 1:20-cv-20836-BB

## SERVICE LIST

Adam M. Moskowitz, Esq.
Florida Bar No. 984280
adam@moskowitz-law.com
Howard M. Bushman, Esq.
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye, Esq.
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis, Esq.
Florida Bar No. 118114
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Andrew S. Friedman, Esq.
(*pro hac vice application purportedly forthcoming*)
afriedman@bffb.com
Francis J. Balint, Jr., Esq.
(*pro hac vice application purportedly forthcoming*)
fbalint@bffb.com
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100

Paul M. Scott, Esq.
(*appearing pro hac vice*)
pscott@brbcsw.com
Steven G. Blackerby, Esq.
(*appearing pro hac vice*)
sblackerby@brbcsw.com
Bradley J. Watkins, Esq.
(*appearing pro hac vice*)
bwatkins@brbcsw.com
**BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS LLP**
Post Office Box 220, 5 Glynn Avenue Brunswick, Georgia 31521-0220
Telephone: 912-264-8544

*Counsel for Plaintiff and Putative Class Members*