UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20836-BLOOM/Louis

AARON FRUITSTONE, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

SPARTAN RACE INC.,

    Defendant.
_____/

# **ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Transfer this Case under 28 U.S.C. § 1404(a) or, in the alternative, Motion to Dismiss Plaintiff's Amended Complaint [D.E. 24] and Motion to Modify This Court's Scheduling Order Setting Trial and Pre-trial Schedule [D.E. 14] and to Stay Class Discovery Pending Resolution of Threshold Legal Issues Regarding the Putative Class Representative's Claims, ECF No. [31] ("Motion"). Plaintiff filed a response, ECF No. [33] ("Response"), to which Defendant filed a reply, ECF No. [35] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On April 6, 2020, the Court entered the Scheduling Order, ECF No. [14]. On April 13, 2020, Plaintiff filed his First Amended Complaint, ECF No. [15] ("Amended Complaint"), and Defendant filed its Motion to Transfer or, in the Alternative, Motion to Dismiss, ECF No. [24] ("Underlying Motion"), on May 4, 2020. The Motion first requests that the Court stay discovery pending resolution of the Underlying Motion. On May 28, 2020, the Court entered an Order

denying the Underlying Motion. *See* ECF No. [36]. Accordingly, the instant Motion is denied as moot regarding the request to stay discovery pending resolution of the Underlying Motion.

The Motion also requests the Court to modify the Scheduling Order to permit discovery to occur in phases (Plaintiff-specific discovery prior to any class discovery) and to stay class discovery pending resolution of Plaintiff's specific claims, with discovery on class issues only commencing after resolution of summary judgment on Plaintiff's individual claims. According to Defendant, the Amended Complaint's inclusion of a Massachusetts law cause of action "significantly expanded the scope of this lawsuit and, likewise, results in potential nationwide discovery on multi-jurisdictional issues." ECF No. [31] at 2. Defendant asserts that staying class discovery to first allow resolution of Plaintiff's individual claims will "potentially prevent needless, time-consuming class discovery, promote efficiency and judicial economy, and result in inexpensive litigation." *Id.* at 8-9. In its view, "permitting discovery on Plaintiff's individual claims and resolving those issues by summary judgment . . . will allow Spartan to show Plaintiff's individual claims fail prior to engaging in unnecessary and wasteful class discovery" because "allowing the parties to first address Plaintiff's specific claims could moot or substantially narrow the purported issues that remain to be addressed from a potential class perspective." *Id.* at 12.

In the Response, ECF No. [33], Plaintiff asserts that Defendant knew that Plaintiff intended to raise a Massachusetts law claim, *see id.* at 1 (citing ECF Nos. [1] at 2 n.1 and [12]), before the Court entered the Scheduling Order, and that the "elements of the [Massachusetts] Chapter 93A claim mirror those of the Florida consumer protection claims already alleged in the initial Complaint." *Id.* at 1. Further, the initial complaint "included a claim for unjust enrichment on behalf of a nationwide class." *Id.* (emphasis omitted). Therefore, according to Plaintiff, the

Amended Complaint has not "significantly expanded the scope of this lawsuit," and Defendant has not provided good cause to modify the Scheduling Order. *Id.* at 1, 6.

In reply, Defendant asserts that phased discovery is appropriate "given the nature of the putative nationwide class implicated by" the Amended Complaint. ECF No. [35] at 4. It also notes that while Plaintiff did initially seek a nationwide class in the initial complaint, the Massachusetts claim "could greatly expand the scope of discovery" because "potentially every Spartan participant throughout the world is encompassed within Plaintiff's Massachusetts Chapter 93A claim." *Id.* It adds that Plaintiff will not be prejudiced by a phased approach. *Id.* at 5.

The Court does not find good cause to modify the Scheduling Order. Under both the initial complaint and the instant Amended Complaint, Plaintiff has asserted claims based on a Florida class and a nationwide class. *Compare* ECF No. [1] *with* ECF No. [15]. Likewise, in the parties' Joint Scheduling Report, ECF No. [12], which was submitted against the backdrop of a pending nationwide class action claim in the initial complaint, the parties agreed to conduct discovery under the current arrangement. That filing noted that Plaintiff "anticipates amending or, if necessary, seeking leave to amend . . . to assert claims under Massachusetts General Laws, Chapter 93A[.]" *Id.* Thus, the prospect of litigating a Massachusetts law claim was known to Defendant before the Court entered the Scheduling Order. To be clear, the parties agreed that this case deserved to be placed on a standard case management track and that "discovery should not be conducted in phases." *Id.* at 3. Moreover, the Scheduling Order essentially mirrors the parties' proposed report and allows for the determination of class certification through a somewhat staggered discovery period. *See* ECF No. [14]. As such, the Court is unconvinced that the Scheduling Order should be modified or that Plaintiff's addition of a Massachusetts law claim "significantly expanded the

scope of this lawsuit" such that discovery needs to be conducted differently than that set forth in the Scheduling Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [31]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record