**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-20836-BLOOM/Louis**

AARON FRUITSTONE, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

SPARTAN RACE INC.,

      Defendant.

_____/

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A
FINAL APPROVAL HEARING**

      **THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement, ECF No. [102] ("Motion"). The Parties and their respective

counsel have entered into a Stipulation of Settlement and Release (the "Agreement"), which, with

its incorporated exhibits, sets forth the terms of the Parties' agreement to settle and dismiss this

litigation on a class-action basis ("Settlement"), subject to the Court's approval. The Court has

considered the Motion, the Settlement,[1] and the entire record of this case. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion, **ECF No. [102]**, is **GRANTED** as follows:

**I.**     **PRELIMINARY APPROVAL OF SETTLEMENT**

     1.     **Partial Stay of this Action**. All non-settlement-related proceedings in the Action

are stayed and suspended until further order of the Court.

---

[1] The definitions in Section II of the Agreement are hereby incorporated as though fully set forth in this
Order, and capitalized terms shall have the meanings attributed to them in the Agreement, ECF No. [102-
3].

2.      **Jurisdiction**. The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d)(2)(A), including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), and venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.      **Conditional Class Certification for Settlement Purposes Only**. The Court is presented with a proposed settlement prior to a decision on class certification and must therefore determine whether the proposed Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23, albeit for purposes of settlement. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997). "In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011). The Court must also be satisfied that the proposed class "is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The Court conditionally finds and concludes, for settlement purposes only, that:

a.      The Settlement Class is an ascertainable one. A class is ascertainable if "the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way," such that identifying class members will be "a manageable process

that does not require much, if any, individual inquiry." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015). Here, the proposed definition of the Settlement Class is based on objective criteria, all of which are determinable from Spartan's business records. Individual, subjective inquiries to identify who may be a member of the Settlement Class are unnecessary. *See Bohannan v. Innovak Int'l, Inc.*, 318 F.R.D. 525, 530 (M.D. Ala. 2016) (proposed class was ascertainable where membership in the class was based on objective criteria and the defendant's data could be used to easily identify the putative class members).

b.       The Settlement Class also satisfies the numerosity requirement of Rule 23(a)(1). The Settlement Class is comprised of approximately one million individuals who paid a "Racer Insurance Fee" or "Insurance Fee" to Spartan between February 26, 2016 and December 31, 2020, inclusive. *See Cox v. Am. Cast Iron Pip Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.").

c.       The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. To satisfy Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is met when the claims of all class members "depend upon a common contention," with "even a single common question" sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011) (citation omitted); *see also Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (commonality of claims "requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members" (internal citations omitted)). The key issues in the Action stem from the same alleged course of conduct: Defendant making various representations regarding and charging Settlement Class Members a mandatory, nonrefundable $14 "Racer Insurance Fee" or "Insurance Fee" when

registering for a Spartan Race event. There are issues raised in this Action that are common to each Settlement Class Member, including, among other things: (a) whether Spartan's description of the "Racer Insurance Fee" is deceptive, unfair, false and misleading; (b) whether Spartan retains any portion of the "Racer Insurance Fee"; (c) whether Spartan engaged in unfair and deceptive practices by collecting and retaining any portion of the "Racer Insurance Fee"; (d) whether Spartan's representations are objectively likely to mislead reasonable consumers to believe that the $14 "Racer Insurance Fee" is a direct pass-through charge, *i.e.*, equal to the cost to Spartan of providing the accident medical insurance coverage; (e) whether Spartan's practices in charging the "Racer Insurance Fee" violate M.G.L. Chapter 93A; (f) whether Spartan's practices in charging the "Racer Insurance Fee" violate the FDUTPA; (g) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; (h) whether Plaintiff and Class members are entitled to injunctive relief; (i) whether Plaintiff and Class members are entitled to declaratory relief; and (j) whether Plaintiff and Class members are entitled to consequential damages, punitive damages, statutory damages, disgorgement, and/or other legal or equitable appropriate remedies as a result of Spartan's conduct. As a result, for purposes of settlement only, Rule 23(a)'s commonality requirement is satisfied. *See In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D. Fla. 2004) (commonality prerequisite is readily met where "[d]efendants have engaged in a standardized course of conduct that affects all class members"); *see also Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004).

d.      The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3). The test of typicality is "whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Checking*

*Acct. Overdraft Litig*., 307 F.R.D. 630, 641 (S.D. Fla. 2015) (quoting *Hanon v. Dataprods Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The typicality requirement "may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class," *In re Domestic Air Transp. Antitrust Litig*., 137 F.R.D. 677, 698 (N.D. Ga. 1991), so long as the claims or defenses of the class and class representatives "arise from the same events, practice, or conduct and are based on the same legal theories," *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1306 (N.D. Fla. 2017) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Here, Plaintiff alleges that he is situated identically with respect to every other Settlement Class Member. Plaintiff has alleged that he suffered the same injuries as every other Settlement Class Member because they arise from Spartan's alleged uniform course of conduct, which Plaintiff contends injured him when he paid the Racer Insurance Fee after being exposed to Spartan's messaging which gave him the net impression that the Racer Insurance Fee was a pass-through charge. For purposes of class settlement, this is sufficient to satisfy Rule 23(a)'s typicality requirement. *See Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526, 539 (N.D. Ala. 2001) ("Typicality is satisfied where the claims of the class representatives arise from the same broad course of conduct [as] the other class members and are based on the same legal theory."); *see also Ouadani v. Dynamex Operations E., LLC*, 405 F. Supp. 3d 149, 162-63 (D. Mass. 2019) (finding typicality requirement satisfied where class claims arose from "the same policies and wrongful conduct of the Defendant, and [we]re based on the same legal theories") (citing *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 310 (D. Mass. 2004))).

> e.      Plaintiff is an adequate representative of the Settlement Class under Rule 23(a)(4). Plaintiff has standing (*see* Motion for Preliminary Approval, ECF No. [102] at 16-17), is

a member of the Settlement Class he seeks to represent, and the Court is aware of no antagonistic interests that exist between Plaintiff and the Settlement Class Members. The Court is also satisfied that Class Counsel have the qualifications and experience necessary to undertake this litigation and serve as counsel for the Settlement Class. *See, e.g.*, *Feller, et al. v. Transamerica Life Ins. Co.*, Case No. 16-cv-01378-CAS (C.D. Cal.) (appointed Plaintiffs' counsel in a finally approved $195 million life insurance settlement); *Belanger v. RoundPoint Mortgage Servicing Corporation, et al.*, Case No. 17-cv-23307 (S.D. Fla.) (appointed Plaintiffs' counsel as class counsel and finally approved class action settlement regarding force placed property insurance); *Checa Chong v. New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing*, Case No. 18-cv-80948, ECF No. [50] (S.D. Fla. Sept. 13, 2019) (same); *Quarashi v. M&T Bank Corp*, No. 17-cv-6675, ECF No. [83] (D.N.J. June 24, 2019); *Smith v. Specialized Loan Servicing, LLC, et al.*, Case No. 17-cv-06668, ECF No. [68] (D.N.J. Apr. 1, 2019) (same); *Rickert v. Caliber Home Loans, Inc., et al.*, Case No. 17-cv-06677 (D.N.J. Apr. 1, 2019) (same).

       f.      In addition to meeting all four of Rule 23(a)'s prerequisites for certification, a proposed class seeking monetary relief also must satisfy Rule 23(b)(3)'s additional requirements—predominance and superiority. As detailed below, both the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

       i.      While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether those common issues predominate over "issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). Rule 23(b)(3)'s predominance requirement tests "whether [the] proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) (citing *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24

(1997)). Whether common issues predominate depends on "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Here, as detailed above, the elements of the Settlement Class Members' claims present common factual and legal questions. For the purposes of settlement, the Court finds that these common issues of law and fact predominate over individualized issues. *See, e.g.*, *Carriuolo*, 823 F.3d at 985 ("In this case, the district court found the predominance requirement to be satisfied by an essential question common to each class member: whether the inaccurate Monroney sticker provided by General Motors constituted a misrepresentation prohibited by FDUTPA."); *Zamber v. American Airlines, Inc.*, 282 F. Supp. 3d 1289, 1300 (S.D. Fla. 2017); *see also Morgan v. Public Storage*, No. 14-cv-21559, 2015 WL 11233111, at *1 (S.D. Fla. Aug. 17, 2015) ("FDUTPA claims exist where the alleged deceptive practice is defendant's misrepresentation of why a fee is being charged and where the money for the fee is being transferred."); *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 340 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015) ("The core questions in this case—whether Vibram's advertising was false or misleading, whether its conduct violated the causes of action identified in Bezdek's amended complaint, and whether the class members suffered injury and are entitled to damages as a result of this conduct—are common to all class members"); *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. 3d DCA 2000) ("[D]amages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money."); *Turner Greenberg Assocs. v. Pathman*, 885 So. 2d 1008, 1009 (Fla. 4th DCA 2004) (affirming class certification and holding that "an appropriate measure of damages is the undisclosed profit").

   ii.  Rule 23(b)(3) also asks whether the class action device is "superior to other available methods for fairly and efficiently adjudicating the controversy." For

purposes of an opt-out class settlement, the Court concludes that the class action device is superior to other methods of resolving the issues in this Action given there is no negative value to each of Plaintiff's claims, given the ability of Settlement Class Members to opt out, "given the large number of claims, the relatively small amount of damages available to each individual, and given the desirability of consistently adjudicating the claims[.]" *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015). And because Plaintiff seeks class certification for settlement purposes, the Court need not inquire into whether this Action, if tried, would present intractable management problems. *See Windsor*, 521 U.S. at 620; *see also Carriuolo*, 823 F.3d at 988; *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class.").

4.    Accordingly, for purposes of considering, approving, and effectuating the Settlement and to fairly and adequately protect the interests of all concerned with regard to all claims set forth in the Operative Complaint, the following class (the "Settlement Class") is conditionally certified for settlement purposes only:

> All individuals in the United States who during the Class Period, based on Spartan's records, paid a $14 "Racer Insurance Fee" or "Insurance Fee" in connection with any race organized and sponsored by Spartan. Excluded from the Class are (a) Defendant's board members and executive level officers; (b) the federal district and magistrate judges assigned to this Action, along with their court staff; and (c) individuals who submit a valid, timely exclusion/opt-out request.

5.    **Appointment of Class Representatives and Class Counsel**. The Court hereby appoints Plaintiff Aaron Fruitstone as the representative of the conditionally certified Settlement Class. The Court further designates and appoints The Moskowitz Law Firm, PLLC, and Bonnett,

Fairbourn, Friedman & Balint, P.C., who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Class ("Class Counsel"). Class Counsel are authorized to represent Plaintiff and the Settlement Class Members, to enter into and seek approval of the Settlement on behalf of the Settlement Class, and to bind Plaintiff, all other Settlement Class Members, and themselves to the duties and obligations contained in the Settlement, subject to the final approval of the Settlement by the Court.

6. **Preliminary Settlement Approval**. The Court finds, subject to the Final Approval Hearing, that the Settlement is sufficiently fair, reasonable, and adequate that it falls within the range of possible approval, and it is in the best interests of the Settlement Class that they be given the opportunity to be heard regarding the Settlement and the opportunity to exclude themselves from the proposed Settlement Class. *See Manual for Complex Litigation* § 21.632 (4th ed. 2004).

Further, the Settlement meets the standards for preliminary approval in the new amendments to Rule 23. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 (E.D.N.Y. 2019). The amended Rule 23(e)(2) requires courts to consider whether:

    (a)    the class representatives and class counsel have adequately represented the class;

    (b)    the proposal was negotiated at arm's length;

    (c)    the relief provided for the class is adequate, taking into account:

        i.    the costs, risks, and delay of trial and appeal;

        ii.    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;

    iii. the terms of any proposed award of attorney's fees, including timing of payment; and

    iv. any agreement required to be identified under Rule 23(e)(3); and

  (d)  the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. at 29. Further, providing notice to the Settlement Class Members is justified by the showing that the Court likely will be able to approve the proposed Settlement under Rule 23(e)(2).

  The Court further finds that the Settlement substantially fulfills the purposes and objectives of the Action, and offers beneficial relief to the Settlement Class that falls within the range of potential recovery in successful litigation of the claims asserted in this Action pursuant to the Massachusetts Consumer Protection Law, Massachusetts General Laws, Chapter 93A, *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. Although Spartan does not admit any fault or liability in the Settlement, Spartan agreed to provide substantial relief to be distributed according to the Settlement Agreement. As described more fully below, each Class Member will be entitled to elect to receive either (a) one four-month free membership to the "Spartan+ Membership Program," or (b) one Voucher per each paid registration during the Class Period, up to a maximum of four (4) total Vouchers per Class Member. Plaintiff and Class Counsel estimate that the value of the Settlement relief to Settlement Class Members, exclusive of the valuable prospective relief, exceeds the total "Racer Insurance Fee" revenues paid by the Class. In addition, the Class will benefit from the Injunctive Relief described below. At this stage, the Court finds such relief to be within the range of reasonableness,[2] especially given the risks of success on the merits of Plaintiff's claims.

---

[2] To warrant preliminary approval, a proposed class settlement should offer a recovery that "falls within

### A.  The Spartan+ Membership Program

Each Class member who elects to receive membership in the Spartan+ Membership Program (the "Program"), will be provided with a free four-month subscription to the Program. This Program subscription will include: (1) the "highest" level of access to all available video, audio, and other digital content; (2) a 20% discount and free shipping and handling for any merchandise purchased by the Class Member from Spartan's website; and (3) free event photo downloads and access to other "members only" premium content on Spartan's website.   The normal cost of the Program is $85.00 per year.   Class Members will not be required to provide a credit card to initiate the four-month Program subscription.   Subscriptions will automatically terminate at the end of four months, unless the Class Member affirmatively chooses to extend their subscription beyond the complimentary four-month period.

### B.  Electronic Vouchers for Spartan Merchandise

As an alternative to the four-month free subscription to the Program, each Class Member may elect to receive a $5.00 electronic Voucher. Should the Class Member elect to receive an electronic Voucher, they will receive one electronic Voucher per each event for which they paid a "Racer Insurance Fee" or "Insurance Fee" during the Class Period, up to a total of four (4)

---

th[e] range of reasonableness," which need not be "the most favorable possible result of litigation." *Lazy Oil Co. v. Wotco Corp.*, 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997), *aff'd*, 166 F3d 581 (3d Cir. 1999). Here, the monetary value of the relief offered by the Settlement exceeds ***100%*** of the Settlement Class's losses and potential recovery (apart from multiple damages), and sufficient to warrant preliminary approval of the Settlement given that since 1995, class action settlements typically "have recovered between 5.5% and 6.2% of the class member's estimated losses." *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001); *see also Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 5, 2015) (noting that a class settlement recovery of between 13% to 20% is "frequently found . . . to be fair and adequate"); *In re Newbridge Networks Sec. Litig.*, No. 94-cv-1678, 1998 WL 765724, at *2 (D.D.C. 1998) ("[A]n agreement that secures roughly six to twelve percent of a potential trial recovery, while preventing further expenditures and delays and eliminating the risk that no recovery at all will be won, seems to be within the targeted range of reasonableness."); *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1350 (S.D. Fla. 2011) (9% class recovery "is still within the range of reasonableness").

Vouchers maximum (for a combined value of $20.00). No Class Member or other person may receive or redeem more than four (4) Vouchers. Each Voucher shall entitle the owner to a $5.00 credit towards the purchase of any non-discounted merchandise on Spartan's website. There are currently many non-discounted merchandise items available for sale on the Spartan website, and Spartan has no intention of removing said items as a result of this Settlement. Vouchers cannot be combined with any promotion, discount, or coupon.

Up to four (4) Vouchers may be "stacked" (*i.e.*, combined for use in a single transaction) towards the purchase of any non-discounted merchandise. Vouchers are transferable. However, the non-discounted merchandise and four-Voucher stacking limitations also apply to recipients of transferred Vouchers. Each Voucher will be valid for two (2) years from the date of issuance, at which time the Voucher will expire.

### C. **Election of Benefit**

The Class Notice will further inform each Class Member that they shall have sixty (60) days from the date the Class Notice email is sent to make their selection, otherwise the default relief shall be the free four-month subscription to the Program.

### D. **Injunctive Relief to the Settlement Class**

In addition to providing all Class Members the relief described above, Spartan also agrees to the following injunctive relief, starting on the Effective Date, that will directly benefit all current and future Spartan consumers:

- Spartan will not describe in writing or abbreviate the at-issue fee as a "Racer Insurance Fee," "Racer Insur. Fee," "Insurance Fee," "Insur. Fee," or similar nomenclature. Spartan specifically retains the right to describe the at-issue fee as

an "Administrative, Insurance, and Management Fee," "AIM Fee," or "Admin Fee"
during the online event registration process or elsewhere.

- Spartan will add the following language to current and future marketing and sales
materials, FAQs, relevant website screens in the registration process, and screen
indicators or selectors that describe or are adjacent to the at-issue fee: "The
Administrative, Insurance, and Management Fee covers a number of different costs
involved in Spartan events, including administrative and management costs,
insurance costs and expenses for related risk management and safety measures.
This fee is not a direct pass-through of third-party costs to the racer and may include
revenues to Spartan."

- Spartan agrees that it will not represent, directly or indirectly, that 100% (or all) of
the "Administrative, Insurance, and Management Fee" is paid to an insurance
provider or other third-party.

## II.   CLASS NOTICE COSTS, AND ATTORNEY'S FEES AND EXPENSES

As part of the settlement relief, Spartan will provide Class Notice to the Class Members
pursuant to Section IV of the Stipulation. The Insurers, on behalf of Spartan, will pay any
reasonable attorneys' fees and expenses and Plaintiff Service Award that are awarded by the Court
in this Action, as further described in Section VIII of the Stipulation. Specifically, Class Counsel
intends to request approval of attorneys' fees and costs not to exceed $2.29 million. The Parties
agree that Plaintiff may apply for a service award to be paid by Insurers for Spartan. Specifically,
Plaintiff intends to request approval of a service award in the amount of $10,000.00 in accordance
with the applicable Eleventh Circuit law. Spartan will not oppose the request for Class Counsel's
attorneys' fees and expenses and Plaintiff's service award in these amounts, *provided* that the total

of all payments sought from or made by Spartan and the Insurers cumulatively under this Stipulation (including but not limited to payments for attorneys' fees, costs and expenses of Class Counsel, and the Plaintiff's service award) does not exceed $2.3 million.

Last year, a panel of the United States Court of Appeals for the Eleventh Circuit issued an opinion holding that case contribution awards for class representatives were impermissible. *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020). In light of this opinion, the Court preliminarily approves the incentive award for purposes of the issuance of the Class Notice but at final approval will consider whether to deny the request without prejudice and reserve jurisdiction to reconsider the issue of a case contribution award if *NPAS* is not reversed, vacated, or overruled. Defendant agrees not to oppose applications for Attorneys' Fees and Expenses and Case Contribution Award that do not exceed the foregoing amounts.

These factors all strongly favor the Settlement's preliminary approval. The Court also finds that the Settlement (a) is the result of serious, informed, non-collusive, arm's length negotiations involving experienced counsel informed and familiar with the legal and factual issues of the Action and reached through protracted mediation sessions with the assistance of independent mediator Michael Young of JAMS; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class Members; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; (d) offers a full and fair remediation to the Settlement Class Members; (e) the Class Representative and Class Counsel have adequately represented the class; and (e) is not a finding or admission of liability of Defendant. Accordingly, the Court grants preliminary approval of the Settlement under Federal Rule of Civil Procedure 23(e), subject to further consideration at the Final Approval Hearing after notice to the Settlement Class Members.

7.      **No Additional Agreements Required to Be Identified**. Other than the Stipulation of Settlement, ECF No. [102-3], the Court has confirmed that there are no other agreements to be identified, as required to be identified under Rule 23(e)(3).

8.      **Final Approval Hearing**. A Final Approval Hearing is set for **May 7, 2021 at 10:00 a.m.** before Judge Beth Bloom via Zoom video conference. The link to join the Zoom video conference is: https://www.zoomgov.com/j/1609604111?pwd=NE1FSVVXRUZLZWhhNG5UUEk5OWJpQT09.  Alternatively, the Meeting ID is: 160 960 4111, and the Passcode is: 692150. The Final Approval Hearing shall be held to determine whether (a) the Settlement is fair, reasonable, and adequate such that the Settlement should be granted final approval by the Court; (b) the certification of the Settlement Class should be made final for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (c) whether Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in what amount, pursuant to Federal Rule of Civil Procedure 23(h); (d) whether a Service Award should be approved by the Court to Plaintiff, and in what amount; and (e) whether a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Agreement. The Court may adjourn or reschedule the Final Approval Hearing without further notice to the Settlement Class Members.

9.      **Further Submissions by the Parties**. Class Counsel shall file their Motion for Final Approval of the Settlement, Attorneys' Fees and Expenses and for Service Award to the Plaintiff, no later than **March 24, 2021**, fourteen (14) days before the Objection/Exclusion Deadline. The Parties shall promptly post any such application to the Settlement Website after its filing with the Court. All other submissions of the Parties in support of the proposed Settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than **April 27, 2021**, ten (10) days before the Final Approval Hearing. The Parties are directed to

file a list reflecting all requests for exclusion it has received from Settlement Class Members with the Court no later than **April 27, 2021**.

10.    **Administration**. The Court authorizes and directs the Parties to establish the means necessary to administer the proposed Settlement, and implement the class notification process in accordance with the terms of the Settlement.

11.    **Notice to the Settlement Class**. The Court approves, as to both form and content, the Class Notice attached to the Settlement, as well as the proposed methodology for distributing that notice to the Settlement Class Members as set forth in Section IV of the Settlement. Accordingly,

a.    The Court orders Spartan, within twenty-eight (28) days following entry of this Preliminary Approval Order and subject to the requirements of this Preliminary Approval Order and the Settlement, to cause the Class Notice to be emailed to the Settlement Class Members identified in Spartan's records.

b.    Following the entry of this Preliminary Approval Order and prior to the mailing of notice to the Settlement Class Members, the Parties are permitted by mutual agreement to make changes in the font, format, and content of the Class Notice provided that the changes do not materially alter the substance of that notice. Any material substantive changes to those notices must be approved by the Court.

c.    Class Counsel shall establish an internet website to inform Settlement Class Members of the terms of the Agreement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, and should be operational and live by the date of the emailing of the Class Notice. At this time, the Court orders that the Settlement Website include the following: (i) the

Operative Complaint; (ii) the Settlement, and its exhibits; (iii) a copy of this Preliminary Approval Order; (iv) the Class Notice; and (v) a disclosure, on the Settlement Website's "home page," of the deadlines for Settlement Class Members to seek exclusion from the Settlement Class, to object to the Settlement, as well as the date, time and location of the Final Approval Hearing.

        d.      No later than **April 27, 2021**, ten (10) days before the date of the Final Approval Hearing, the Parties shall file with the Court a declaration or declarations, verifying compliance with the aforementioned class-wide notice procedures.

        12.      **<u>Findings Concerning the Notice Program</u>**. The Court finds and concludes that the form, content, and method of giving notice to the Settlement Class as described in this Preliminary Approval Order: (a) will constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement (including, without limitation, their right to object to or seek exclusion from the proposed Settlement); (c) is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause). The Court further finds that the Class Notice is written in simple terminology, and is readily understandable.

        13.      **<u>Cost Obligations for the Notice Program</u>**. All Costs of Administration, including those associated with providing notice to the Settlement Class as well as in administering the terms of the Settlement, shall be paid by Spartan as set forth in the Settlement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff, nor Class

Counsel, nor the Settlement Class Members shall have any obligation to Defendant for such costs and expenses.

14.     **Communications with Settlement Class Members**. The Court authorizes Spartan to communicate with Settlement Class Members, potential Settlement Class Members, and to otherwise engage in any other communications within the normal course of Defendant's business and as provided in the Agreement. However, Spartan is ordered to refer any inquiries by Settlement Class Members or Potential Settlement Class Members about the Settlement to Class Counsel.

15.     **Preliminary Injunction**. To protect the Court's jurisdiction and ability to determine whether the Settlement should be finally approved, pending such decision all potential Settlement Class Members are hereby preliminarily enjoined (i) from directly or indirectly filing, commencing, participating in, or prosecuting (as class members or otherwise) any lawsuit in any jurisdiction asserting on their own behalf claims that would be Released Claims if this Settlement is finally approved, unless and until they timely exclude themselves from the Settlement Class as specified in the this Order and in the Agreement and its exhibits; and (ii) regardless of whether they opt out, potential Settlement Class Members are further preliminarily enjoined from directly or indirectly filing, prosecuting, commencing, or receiving proceeds from (as class members or otherwise) any separate purported class action asserting, on behalf of any Settlement Class Members who have not opted out from this Settlement Class, any claims that would be Released Claims if this Settlement receives final approval and becomes effective.

16.     **Exclusion ("Opting Out") from the Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion to Spartan, mailed sufficiently in advance to be received by Spartan by **April 7, 2021**

(the "Objection/Exclusion Deadline"). A request for exclusion must comply with the requirements set forth in Section V.B of the Stipulation and clearly indicate the name, address, email address, and telephone number of the Person seeking exclusion, a statement that the Person wishes to be "excluded from the Settlement Class," contain a caption or title that identifies it as "Request for Exclusion in *Fruitstone v. Spartan Race Inc.*, (case number 1:20-cv-20836-BB)," and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person.

17.     Any Settlement Class Member who timely requests exclusion consistent with these procedures shall not: (a) be bound by a final judgment approving the Settlement; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

18.     Settlement Class Members who do not exclude themselves from the Settlement Class in full compliance with the requirements and deadlines of this Preliminary Approval Order shall be deemed to have forever consented to the exercise of personal jurisdiction by this Court and shall have waived their right to be excluded from the Settlement Class and from the Settlement, and shall thereafter be bound by all subsequent proceedings, orders, and judgments in this Action, including but not limited to the Release contained in the Settlement, regardless of whether they have requested exclusion from the Settlement Class (but failed to strictly comply with the procedures set forth herein) and even if they have litigation pending or subsequently initiate litigation against Defendant relating to the claims and transactions released in the Action.

19.     **Objections and Appearances**. Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who does not properly and timely exclude himself or herself from the Settlement Class, and who complies with the requirements of this paragraph

and the procedures specified in the Class Notice, may object to any aspect or effect of the proposed Settlement.

   a. Any Settlement Class Member who has not filed a timely and proper written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than the Objection/Exclusion Deadline.

   b. An objection must be in writing under penalty of perjury, and must include: (1) the full name, address, telephone number, the signature of the objector (the objector's counsel's signature is not sufficient) and a statement the information provided is true and correct; (2) the specific reasons for the objector's objection to the Settlement, and a detailed statement of the legal basis for such objections; (3) the identity of all witnesses, including the witnesses' name and address, and a summary of such witnesses' proposed testimony who the objector may call to testify at the Final Approval Hearing; (4) documents sufficient to demonstrate the objector's standing (that he/she is, in fact, a Class Member) must be attached to the Objection; (5) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; and (6) a statement whether the objector and/or his/her attorney(s) intend(s) to appear at the Final Approval Hearing. Any attorney of an objecting Potential Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the

Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

        c.      To file a written statement of objection, an objector must mail it to the Clerk of the Court sufficiently in advance that it is received by the Clerk of the Court on or before the Objection/Exclusion Deadline, or the objector may file it in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Southern District of Florida, except that any objection made by a Settlement Class Member represented by his or her own counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

        d.      Any Settlement Class Member who fails to comply strictly with the provisions in this Preliminary Approval Order for the submission of written statements of objection shall waive any and all objections to the Settlement, its terms, or the procedures for its approval and shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Settlement, this Preliminary Approval Order, and by all proceedings, orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement. However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by order of the Court, remain a Settlement Class Member and be entitled to all of the benefits, obligations, and terms of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

20.      **Termination of Settlement**. This Preliminary Approval Order, including the conditional class certification contained in this Preliminary Approval Order, shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement: (a) is not finally approved by the Court; (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

21.      **Use of this Preliminary Approval Order**. In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the terms of the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Preliminary Approval Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the conditional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, without prejudice to any Party or Settlement Class Member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed pursuant to further orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations, or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Preliminary Approval Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be

admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

22.  **Continuing Jurisdiction**. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Preliminary Approval Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Class.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record