# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-CV-20836-BLOOM/Louis

AARON FRUITSTONE, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

SPARTAN RACE, INC.,

    Defendant.
_____/

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

The claims of Settling Plaintiff Aaron Fruitstone, on behalf of himself and all Settlement Class Members, and Defendant Spartan Race, Inc., have been settled pursuant to the Stipulation of Settlement dated January 22, 2021 (the "Settlement Agreement"). On February 2, 2021, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and provisionally certified the Settlement Class for settlement purposes only [ECF No. 107].

On May 7, 2021, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether Judgment should be entered dismissing the Settling Plaintiff's claims on the merits and with prejudice, including the claims of Settlement Class Members; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel and a Service Award to the Settling Plaintiff.

THEREFORE, IT IS HEREBY **ORDERED**, **ADJUDGED** AND **DECREED** that:

1.	The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Settlement Agreement.

2.	The Court has personal jurisdiction over Settling Plaintiff, the Defendant, and Settlement Class Members, venue is proper, the Court has subject-matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Judgment.  Without in any way affecting the finality of this Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.	The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive litigation, mediation and negotiations. Counsel for the Parties were therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.	The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes for the Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

claims of Settling Plaintiff are typical of the claims of the Settlement Class Members he seeks to represent; (d) Settling Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class Members for purposes of the Settlement; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall consist of the following:

> All individuals in the United States who during the Class Period, based on Spartan's records, paid a $14 "Racer Insurance Fee" or "Insurance Fee" in connection with any race organized and sponsored by Spartan. Excluded from the Class are (a) Defendant's board members and executive level officers; (b) the federal district and magistrate judges assigned to this Action, along with their court staff; and (c) individuals who submit a valid, timely exclusion/opt-out request.

6. The Court finally designates the law firms of The Moskowitz Law Firm, PLLC, and Bonnett, Fairbourn, Friedman & Balint, P.C. as Class Counsel for the Settlement Class.

7. The Court finally designates Settling Plaintiff Aaron Fruitstone as the Settlement Class representative.

8. The Court makes the following findings with respect to Class Notice to the Settlement Class:

    8.1. The Court finds that the direct distribution of the Class Notice and the creation of the Settlement Website for Class Member information, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable

3

notice under the circumstances that was reasonably calculated, under the circumstances, to apprise Noticed Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.2. Class Counsel has filed with the Court a declaration from Deanna Sheridan, Vice President of Spartan Race, Inc., attesting that the Class Notice was emailed to Noticed Class Members on March 2, 2021, and Class Counsel attests in their Joint Declaration that the Settlement Website was established on March 3, 2021. Adequate Class Notice was given to the Noticed Class Members in compliance with the Settlement Agreement and the Preliminary Approval Order.

9. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement Website. The Court finds that the individual interests of the ____ persons who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if he or she so desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

10. Defendant has complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, et seq., in connection with the proposed Settlement.

11. [description of objections, if any]. The Court finds that the objections to the Settlement do not establish that the proposed Settlement is unfair, unreasonable, inadequate, or should otherwise not be approved, and are hereby overruled.

12. By failing to timely file and serve an objection in writing to the Settlement

Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the Service Award to the Settling Plaintiff, in accordance with the procedure set forth in the Notice and mandated in the Preliminary Approval Order, Settlement Class Members are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13. The terms and provisions of the Settlement Agreement, including all Exhibits attached thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Settlement Class Members. The Court hereby enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally terminating all Released Claims of all Releasing Persons in this Litigation against the Released Parties, on the merits and with prejudice.

14. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel's attorneys' fees and expenses in the amount of _____ dollars ($_____) payable by Defendant's Insurers pursuant to the terms of the Settlement Agreement. The Court also [subject to resolution of *Johnson v. NPAS Solutions, LLC*, 2020 WL 5553312 (11th Cir. 2020)] awards a Case Contribution Award in the amount of $_____ to Settling Plaintiff Aaron Fruitstone, payable by Defendant's Insurers pursuant to the terms of the Settlement Agreement. Defendant shall not be responsible for, and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, the attorneys' fees and expenses awarded by the Court.

15. The terms of the Settlement Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have <u>res judicata</u> and preclusive effect in and on, all claims and pending and future lawsuits maintained by Settling Plaintiff and each Settlement Class Member, as well as each of their respective spouses, family members, executors,

5

representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and all other Releasing Persons.

16.    The Release, which is set forth in Section VI of the Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the entry of this Judgment. Each of the Released Parties is forever released, relinquished, and discharged by each Releasing Person, including all Settlement Class Members, from all Released Claims (as that term is defined below and in the Settlement Agreement).

16.1.    The definitions in the Settlement Agreement are incorporated in and are part of this Judgment.

16.2    Each Releasing Party shall, by operation of this Judgment, be deemed to have released any and all actions, claims, demands, rights, suits, debts, and causes of action of whatever kind or nature against the Released Parties, including damages, costs, expenses, penalties, equitable relief, injunctions, and attorneys' fees, known or unknown, suspected or unsuspected, in law or in equity that arise out of or relate to the factual allegations and claims asserted in this case individually and/or on a class wide basis.

16.3    In agreeing to the foregoing Release, Settling Plaintiff, for himself and on behalf of Settlement Class Members, shall be deemed to have acknowledged that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity. Settling Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject

matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Settling Plaintiff and each Settlement Class Member shall be deemed to have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, Settling Plaintiff and each Settlement Class Member shall be bound by this Agreement, including by the Releases, and all of their claims in the Action asserted against Defendants shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received the Mail Notice of the Settlement, did not otherwise have knowledge of the Settlement, or never received Claim Settlement Relief. The Settling Parties shall be deemed to have acknowledged that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

      16.4.   Released Claims do not apply to new claims arising after the close of the Settlement Class Period based on conduct that took place after the close of the Settlement Period. Nothing in the Order shall be deemed a release of any Settlement Class Member's respective rights and obligations for such post-Settlement Claims.

      16.5.   Settling Plaintiff and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action, and Settling Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

      16.6   Settling Plaintiff and each Settlement Class Member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

16.7 The Releases do not affect the rights of Noticed Class Members who timely and properly submitted a Request for Exclusion.

16.8 The Settlement Agreement shall be the exclusive remedy for all Settlement Class Members with regards to the Released Claims.

17. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions shall be:

17.1. Offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation against any Released Party, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation against any Released Party, or of any liability, negligence, fault or wrongdoing of any Released Party;

17.2. Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or of any other wrongdoing by any of the Released Parties;

17.3 Offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

17.4    Offered or received in evidence in any action or proceeding against any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18.    In the event that the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties will be restored to their positions as of _____.

19.    This Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.    Settling Plaintiff and all Settlement Class Members and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining (including claims or actions already filed), intervening in, defending, or participating in (as parties, class members or otherwise) any action in any jurisdiction before any court or tribunal based on, arising from, or relating to any of the

Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing any Settlement Class Members, or soliciting the participation of any Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) in any jurisdiction before any court or tribunal based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction. The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Settlement Agreement and this Judgment.

21. Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction that are based on Released Claims pursuant to the Settlement Agreement and this Judgment, and that are enjoined pursuant to this Judgment.

22. The claims of Settling Plaintiff, individually and on behalf of the Settlement Class, including all individual claims and class claims presented herein, are hereby dismissed on the merits and with prejudice against Defendants without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23. Settling Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24. Pursuant to Rule 54(b), the Court hereby enters Judgment as described herein and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

**DONE** and **ORDERED** in Miami, Florida, this _____ day of _____, 2021.

_____
**THE HONORABLE BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**