# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:20-CV-20836-BLOOM/Louis

AARON FRUITSTONE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

SPARTAN RACE, INC.,
a Delaware Corporation,

    Defendant.

CLASS ACTION

## DECLARATION OF DEANNA SHERIDAN REGARDING CLASS NOTICE

I, Deanna Sheridan, declare as follows:

1. I am the General Counsel and a Vice President of Spartan Race, Inc., located in Boston, Massachusetts. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. Pursuant to the Court's February 2, 2021 Order Granting Motion for Preliminary Approval of Class Action Settlement, Conditionally Certifying a Class for Settlement Purposes, Directing the Issuance of Class Notice, and Scheduling a Final Approval Hearing [ECF No. 107] ("Preliminary Approval Order"), Spartan was required to disseminate Class Notice in connection with the Proposed Settlement of the above-captioned Action.[1] This declaration describes what Spartan did in response to the Preliminary Approval Order, a process that I supervised.

3. On February 25, 2021, Spartan compiled a list of 809,116 unique email addresses identified as potentially belonging to individuals on the Class List. The Class List included the names and email addresses of Settlement Class Members. To compile the list, Spartan searched its database for registrations that meet the class definition, namely "All individuals in the United States who during the Class Period [February 26, 2016 to December 31, 2020], based on Spartan's

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Agreement, [ECF No. 102-3], and in the Preliminary Approval Order.

records, paid a $14 'Racer Insurance Fee' or 'Insurance Fee' in connection with any race organized and sponsored by Spartan," subject to the exclusions from the Settlement Class. After gathering the initial list of registrants who met these criteria, I oversaw a process to send the Class Notice via email to the Class List. The Class List included all unique email addresses of Settlement Class Members regardless of their current subscription status in receiving Spartan marketing emails. Any email addresses in the Spartan customer database that had previously "hard bounced" and were labeled "dead", however, were removed, resulting in a total of 789,239 unique email addresses in the final Class List.

4. Using the resulting list of Settlement Class Members, Spartan sent the Class Notice to these 789,239 email addresses of Settlement Class Members via email on March 2, 2021. A true and correct copy of the Class Notice (without name or email address information inserted) is attached as **Exhibit A**.

5. Since sending the Class Notice to Settlement Class Members, Spartan has received 9,648 Class Notice emails returned as undeliverable, including: a) 193 emails marked as "dead", b) 8,615 emails which "hard bounced" and c) 840 emails which "soft bounced". To date, Spartan has not yet taken any measures to a) determine which, if any, of those 9,648 email addresses belong to Settlement Class Members who received the Class Notice via a separate email address in the Class List or b) reach the Settlement Class Members through alternate means.

6. The Class Notice informs Settlement Class Members that requests for exclusion from the Class must be received no later than April 7, 2021. As of the date of this declaration, Spartan (including its counsel of record in this case) has received five requests for exclusion. A list of the Class Members requesting to be excluded is attached as **Exhibit B**.

7. The receipt deadline for Class Members to object to the settlement is April 7, 2021. As of the date of this declaration, Spartan (including its counsel of record in this case) has received one objection to the Settlement.

8. In accordance with the Preliminary Approval Order, Spartan will file an updated declaration with final figures for requests for exclusion and objections by April 27, 2021.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. This declaration was executed in Framingham, Massachusetts on March 24, 2021.

By: _____
Deanna Sheridan

# EXHIBIT A

**Subject:** FW: PREVIEW: Fruitstone v. Spartan Race, Inc. – Notice of Class Action Settlement

**From:** Spartan <Spartan@t.spartan.com>
**Date:** March 2, 2021 at 11:40:23 AM EST
**To:**
**Subject: PREVIEW: Fruitstone v. Spartan Race, Inc. – Notice of Class Action Settlement**
**Reply-To:** Spartan <us@spartan.com>



NOTICE OF CLASS ACTION SETTLEMENT

*Fruitstone v. Spartan Race, Inc.*,

Case No. 1:20-cv-20836-BB. United States District Court for the Southern District of Florida

1

You are receiving this Notice because you were identified in Spartan Race, Inc.'s ("Spartan") records as an individual who participated in a race organized and sponsored by Spartan and who paid a $14 "Racer Insurance Fee" or "Insurance Fee." This Notice explains a proposed settlement in a class action under which Spartan has agreed to provide certain benefits to customers who paid such a fee. Spartan denies liability for the claims alleged in the class action but has agreed to the proposed settlement to avoid the distraction of continued litigation and to further its stated mission to promote an active lifestyle that will result in longer, healthier and happier lives for its customers through races and related programs, including the free four-month membership in the new Spartan+ program that is one of the benefits available under the proposed settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you are an individual in the United States who during the Class Period, based on Spartan's records, paid a $14 "Racer Insurance Fee" or "Insurance Fee" in connection with any race organized and sponsored by Spartan, you are entitled to the benefits of this settlement.
- This notice explains what the class action lawsuit is about, what the Settlement will be if it is approved by the Court, and what to do if you want to: (i) participate in the settlement; or (ii) object to the Settlement; or (iii) not participate in the Settlement and instead "opt out" of the class action. This notice also tells you how to get more information if you want it.
- You have a choice of benefits.
    o You may select a FREE four month membership in the Spartan+ Membership Program. See Section 7 below for an explanation of the Program; OR
    o You may select a $5 Voucher to be used for any non-sale Spartan Merchandise on **www.spartan.com** for each time you paid a Racer Insurance Fee. See Section 7 below for an explanation of the Vouchers.

**\*\*Use password parthenon to access benefit selection.\*\***

**CLICK HERE TO SELECT YOUR BENEFITS**

2

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY, AND GET MORE INFORMATION IF YOU NEED IT. THE NOTICE WILL TELL YOU HOW TO GET THAT INFORMATION.

**WHAT THIS NOTICE CONTAINS**

BASIC INFORMATION

1. Why Was This Notice Sent To Me?
2. What Is This Notice?
3. What Is This Lawsuit About?
4. Why Is There A Settlement?

SETTLEMENT CLASS MEMBERSHIP

5. Who Is a Settlement Class Member?
6. What If I Am Not Sure Whether I Am Included In The Settlement Class?

THE SETTLEMENT TERMS AND BENEFITS

7. What Are The Terms Of The Settlement?
8. How Do I Receive Benefits?
9. When Would I Receive My Benefits?
10. What Am I Giving Up To Be Part Of The Settlement Class?
11. What Happens If I Do Nothing?

EXCLUDING YOURSELF FROM THE SETTLEMENT

12. How Do I Get Out Of The Settlement?
13. What If I Do Not Opt Out Of The Settlement?
14. If I Exclude Myself, Can I Receive Benefits From This Settlement?

OBJECTING TO THE SETTLEMENT

3

15. How Can I Object To The Settlement?

**THE LAWYERS REPRESENTING YOU**

16. Do I Have A Lawyer In This Case?
17. How Will The Class Counsel Lawyers Be Paid?

**THE COURT'S FAIRNESS HEARING**

18. When And Where Will The Court Decide Whether To Approve The Settlement?
19. As A Settlement Class Member, May I Speak At The Hearing?

**GETTING MORE INFORMATION**

20. Where Can I Get More Details About The Settlement?

**BASIC INFORMATION**

**1. WHY WAS THIS NOTICE SENT TO ME?**

This Notice was sent to you because you are an individual in the United States who during the Class Period, based on Spartan's records, paid a $14 "Racer Insurance Fee" or "Insurance Fee" in connection with an event organized and sponsored by Spartan.

Excluded from the Class are (a) Defendant's board members and executive level officers; (b) the District and Magistrate judges assigned to this Action, along with persons within the third degree of relationship to them; and (c) individuals who submit a valid, timely exclusion/opt-out request. The Class Period means the time period from February 26, 2016 to December 31, 2020 (inclusive of both dates).

The Court ordered this Notice to be sent to you because you have a right to know about the proposed Settlement of this class action lawsuit, which concerns an alleged failure to disclose how Spartan uses funds from the Racer Insurance Fee, and about your options, before the Court decides whether to

4

approve the Settlement.

If the Court approves the Settlement, you will receive the benefits of the settlement outlined in Section 7. However, the benefits will not be issued until any objections or appeals are resolved.

## 2. WHAT IS THIS NOTICE?

This Notice is sent to potential settlement Class Members like you to explain the terms of the settlement and your options. The Notice also explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of Florida, and the case is called Aaron Fruitstone v. Spartan Race Inc., Case No. 1:20-cv-20836-BB.

Plaintiff Aaron Fruitstone sued on behalf of you and all Class Members and is called the "Plaintiff." The company he sued, Spartan Race, Inc., is called the "Defendant."

## 3. WHAT IS THIS LAWSUIT ABOUT?

In this lawsuit, Plaintiff alleges that Spartan made profits by charging and retaining most of the monies collected from the $14 "Racer Insurance Fee." Plaintiff alleges that Spartan's conduct violated Florida's Deceptive and Unfair Trade Practices Act and the Massachusetts Consumer Protection Law, and provided a basis for a cause of action for unjust enrichment.

Spartan expressly denies Plaintiff's allegations and asserts that it has complied and does comply with the law. It also expressly denies that it did anything wrong. There has been no court decision on the merits of this case and no finding that Spartan committed any wrong doing.

## 4. WHY IS THERE A SETTLEMENT?

Both sides have agreed to a Settlement to avoid the cost and risk of a trial and so that Class Members can receive benefits in exchange for releasing Defendant from liability. Although it admits no wrongdoing, Spartan prefers to direct its resources to giving value to consumers over squandering them on litigation.

5

## SETTLEMENT CLASS MEMBERSHIP

### 5. WHO IS A SETTLEMENT CLASS MEMBER?

To see if you will be affected by this class action, you first have to determine if you are a member of the Settlement Class. The "Settlement Class" includes:

All individuals in the United States who during the Class Period, based on Spartan's records, paid a $14 "Racer Insurance Fee" or "Insurance Fee" in connection with any race organized and sponsored by Spartan. Excluded from the Class are (a) Defendant's board members and executive level officers; (b) the District and Magistrate judges assigned to this Action, along with their court staff; and (c) individuals who submit a valid, timely exclusion/opt-out request.

### 6. WHAT IF I AM NOT SURE WHETHER I AM INCLUDED IN THE SETTLEMENT CLASS?

If you are receiving this Notice, Spartan's records show that you are in the Settlement Class and entitled to benefits. To review the settlement documents filed in this case, you can visit the Settlement Website at **https://moskowitz-law.com/results/spartan-race** .

## THE SETTLEMENT TERMS AND BENEFITS

### 7. WHAT ARE THE TERMS OF THE SETTLEMENT?

As described more fully below, each Class Member will be entitled to elect to receive either (a) one four-month free membership to the "Spartan+ Membership Program," or (b) oneVoucher per each paid registration during the Class Period, up to a maximum of four (4) total Vouchers per Class Member.

### A. The Spartan+ Membership Program

Through this Stipulation of Settlement, each Class member who elects to receive the Spartan+ Membership Program (the "Program") will be provided with a free four-month subscription to the Program. This Program subscription will include: (1) the "highest" level of access to all available video, audio, and other digital content; (2) a 20% discount and free shipping and handling for any

merchandise purchased by the Class Member from Spartan's website; and (3) free event photo downloads and access to other "members only" premium content on Spartan's website.

The normal cost of the Program is $85.00 per year.

You will not be required to provide a credit card to initiate the Program subscription. Subscriptions will automatically terminate at the end of four months, unless the you choose affirmatively to extend your subscription beyond the complimentary four-month period.

**B. Voucher for Spartan Merchandise**

As an alternative to the four-month free subscription to the Program, each Class Member may elect to receive a $5.00 Voucher for each event for which you paid a "Racer Insurance Fee" or "Insurance Fee" during the Class Period, up to a total of four (4) Vouchers maximum (for a combined value of $20.00).

Voucher Terms:

1. No Class Member or other person may receive or redeem more than four (4) Vouchers.
2. Each Voucher shall entitle the owner to a $5.00 credit towards the purchase of any non-discounted merchandise on Spartan's website.
3. Vouchers cannot be combined with any promotion, discount, or coupon.
4. Up to four (4) Vouchers may be "stacked" (i.e., combined for use in a single transaction) towards the purchase of any non-discounted merchandise on Spartan's website. Vouchers are transferable.
5. You may transfer the Voucher to family or friends. However, the non-discounted merchandise and four-Voucher stacking limitations also apply to recipients of transferred Vouchers.
6. Each Voucher will be valid for two (2) years from the date of issuance, at which time the Voucher will expire.

C. Spartan has also agreed to change its business practices by adding the following language to current and future marketing and sales materials, FAQs, relevant website screens in the registration process, and screen indicators or selectors that describe or are adjacent to the at-issue fee: "The Administrative, Insurance, and Management Fee covers a number of different costs involved in Spartan events, including administrative and management costs, insurance costs and expenses for related risk management and safety measures. This fee is not a direct pass-through of third-party costs to the racer and may include revenues to Spartan." The full changes to the business practices can be viewed on the

7

**Settlement Ageement**.

**8. HOW DO I RECEIVE THE BENEFITS?**

**CLICK HERE TO SELECT YOUR BENEFITS** .

**NOTE that if you do not select your benefit within 60 days of receiving this Notice, you will be deemed to have selected the Spartan+ Program for four months and will receive information to enroll after the Effective Date of the Settlement (See Section 9). The Effective Date is the date the settlement is approved and all appeals have been exhausted.**

**9. WHEN WOULD I RECEIVE MY BENEFITS?**

The Court will hold a hearing on May 7, 2021, to determine whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain when any appeals, if filed, will be resolved. Benefits will be activated after the Settlement becomes final and effective, which means after all appeals have been resolved. Please be patient.

**Please check the Settlement Website, https://moskowitz-law.com/results/spartan-race for updates on this matter and the Effective Date.**

**10. WHAT AM I GIVING UP TO BE PART OF THE SETTLEMENT CLASS?**

Unless you exclude yourself from the Settlement Class, you will remain in the Settlement Class. That means you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the issues that were or could have been raised in this case. It also means that all of the Court's orders concerning the Settlement Class will apply to you and legally bind you, including the Releases described in detail in Section 15 of the Settlement Agreement. The Releases describe the legal claims that you give up if this Settlement is approved and you do not exclude yourself. Please carefully read the Releases in the Settlement Agreement.

**11. WHAT HAPPENS IF I DO NOTHING?**

If you do nothing as a Settlement Class Member, you will be deemed to have selected the Spartan+ Program for free for four months as your benefit. But, unless you exclude yourself from the Settlement, you will not be able to start a lawsuit or continue with a lawsuit against Defendant about the legal

8

issues that were or could have been raised in this case, ever again. EXCLUDING YOURSELF FROM THE SETTLEMENT

**12. HOW DO I GET OUT OF THE SETTLEMENT?**

If you are within the definition of the Settlement Class (see Answer #5), you are automatically a member of the Settlement Class. However, you can exclude yourself, or "opt-out" of the Settlement Class, if you do not wish to participate. This means you will receive no benefits as part of this Settlement. You cannot ask to be excluded over the phone or on the internet. To exclude yourself, you must mail a written request for exclusion to Spartan and that Request for Exclusion must clearly indicate the name, address, email address, and telephone number of the Person seeking exclusion, the name and case number of the Action, a statement that the Person wishes to be excluded from the Class, and the date and signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person. You cannot "opt out" of the Settlement on behalf of other members of the Settlement Class.

**13. WHAT IF I DO NOT OPT OUT OF THE SETTLEMENT?**

Any member of the Settlement Class who does not opt out of the Settlement in the manner and by the deadline described above will be part of the Settlement Class, will be bound by all Orders and proceedings in this action, and will give up the right to sue any of the Defendant for the claims that this Settlement resolves. If you want to opt out, you must take timely affirmative written action even if you have filed a separate action against the Defendant or are a putative class member in any other class action filed against the Defendant. If you have a pending lawsuit, please contact your lawyer in that lawsuit immediately. Remember, the exclusion deadline is April 7, 2021.

**14. IF I EXCLUDE MYSELF, CAN I RECEIVE BENEFITS FROM THIS SETTLEMENT?**

No. If you exclude yourself from the Settlement Class, you will not be entitled to any benefits. But, you may sue or continue to sue Defendant individually, or you may be part of a different lawsuit against Defendant.

**OBJECTING TO THE SETTLEMENT**

**15. HOW CAN I OBJECT TO THE SETTLEMENT?**

9

You may object to or comment on all or part of the proposed Settlement if you are a Settlement Class Member and do not opt out of the Settlement. To do so, you (or your attorney at your expense) must submit a valid objection. To be valid, your objection must be in writing, personally signed by you, and must include the information and documents required by the **Preliminary Approval Order**. Failure to provide ALL required information may be grounds to have your objection stricken.

Your objection must be filed with the Clerk of Court, with copies mailed to counsel for all of the parties identified below, postmarked no later than **April 7, 2021:**

| CLERK OF THE COURT | CLASS COUNSEL |
|---|---|
| Clerk of the United States District Court for the Southern District of Florida 400 North Miami Avenue 8th Floor Miami, FL 33128 | Adam M. Moskowitz The Moskowitz Law Firm, PLLC 2 Alhambra Plaza Suite 601 Coral Gables, FL 33134 |
| **COUNSEL FOR DEFENDANT** | |
| Evan S. Nadel Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. 44 Montgomery Street, 36th Floor San Francisco, CA 94104 | |

## THE LAWYERS REPRESENTING YOU

### 16. DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the following lawyers to represent you and all other Settlement Class Members. Together, these lawyers are called Class Counsel. You will not be charged any money to pay for these lawyers.

Adam M. Moskowitz Andrew S. Friedman Howard M. Bushman Francis Balint Joseph M. Kaye Bonnett, Fairbourn, Friedman & The Moskowitz Law Firm Balint, P.C. 2 Alhambra Plaza #601 2325 E. Camelback Road, Suite 300 Miami, FL 33134 Phoenix, AZ 85016

### 17. HOW WILL THE CLASS COUNSEL LAWYERS BE PAID?

10

Class Counsel will ask the Court for attorneys' fees and expenses for all counsel up to $2,290,000, and a case contribution award of $10,000.00 paid to Plaintiff Aaron Fruitstone for his time and effort in the matter. The Court may award less than these amounts.

Defendant has agreed not to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Plaintiff that do not exceed those amounts.

A panel of the United States Court of Appeals for the Eleventh Circuit issued an opinion holding that case contribution awards for class representatives were impermissible. Johnson v. NPAS Solutions, LLC, 2020 WL 5553312 (11th Cir. 2020). In light of this opinion, the Parties have agreed that the Court may approve all of the terms of the settlement, while also denying the request for a case contribution award, but Class Counsel can request the Court reserve jurisdiction to reconsider the issue of a case contribution award if NPAS is reversed, vacated, or overruled. Class Counsel will file with the Court their request for attorneys' fees and expenses and any request for service awards on or before March 24, 2021, which will then be posted on **https://moskowitz-law.com/results/spartan-race**.

**THE COURT'S FINAL APPROVAL HEARING**

**18. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a hearing about the Settlement at 10:00 a.m. on May 7, 2021, before Judge Beth Bloom via Zoom video conference. The link to join the Zoom video conference is: **https://www.zoomgov.com/j/1609604111?pwd=NE1FSVVxRrUZLZWhhNG5UUEk5OWJpQT09**. Alternatively, the Meeting ID is: 160 960 4111, and the Passcode is: 692150. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and Class Counsel's applications for attorneys' fees and expenses and case contribution award to the Plaintiff. If there are valid and timely objections, the Court will consider them.

The Court may listen to people who have properly asked in writing beforehand to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long this decision will take.

**19. AS A SETTLEMENT CLASS MEMBER, MAY I SPEAK AT THE HEARING?**

11

You cannot speak at the hearing if you have excluded yourself from the Settlement Class. However, if you are a member of the Settlement Class, you may ask the Court for permission for you or your attorney to speak at the hearing. To do so, you must file with the Clerk of the Court and serve on all counsel for the parties (at the addresses identified above in Answer #16) a notice of intention to appear at the hearing. The notice of intention to appear must include the case name and number; your name, address, telephone number, and signature, and, if represented by counsel, their contact information; and copies of any papers, exhibits, or other evidence that you intend to present to the Court in connection with the hearing. The notice of intention to appear must be filed with the Clerk of Court and served on all counsel no later than **April 7, 2021.**

If you do not file a notice of intention to appear by this deadline and/or follow the requirements in the Settlement Agreement and this Notice, you will not be entitled to appear at the hearing to raise any objections.

**GETTING MORE INFORMATION**

**20. WHERE CAN I GET MORE DETAILS ABOUT THE SETTLEMENT?**

This notice summarizes the lawsuit and Settlement. More details are in the Settlement Agreement, which is available on the Settlement Website at **https://moskowitz-law.com/results/spartan-race.** You may also contact Class Counsel, identified in Answer 17 above.

Date: March 2, 2021

**PLEASE DO NOT CALL OR WRITE THE COURT, THE JUDGE OR HER STAFF, FOR INFORMATION OR ADVICE ABOUT THE SETTLEMENT**

TRAIN   EAT   APP   TEAMS



Please add spartan@e.spartan.com to your address book.

For more information about Spartan privacy practices, see our online privacy statement.

View Online | Update your email preferences | Unsubscribe

© 2021 Spartan Race, Inc.,

234 Congress St., Boston, MA 02110

13

# EXHIBIT B

**List of Class Settlement Exclusion Requests Received as of March 23, 2021**:

| Name | Email | Date Sent | Method Sent |
|---|---|---|---|
| Ronald Roy | ▮@gmail.com | 3/4/2021 | Mail |
| Alexander Greimann | ▮@gmail.com | 3/2/2021 | Mail |
| Danielle Schaap | ▮@gmail.com | 3/4/2021 | Mail |
| Hildee Weiss | ▮@gmail.com | 3/3/2021 | Mail |
| Sarah Flores | ▮@gmail.com | 3/4/2021 | Mail |